In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 07-2831

RLI INSURANCE COMPANY,

*Plaintiff-Appellee,*

*v.*

CONSECO, INC., CONSECO SERVICES L.L.C.,
ROLLIN DICK, et al.,

*Defendants-Appellants.*

_____

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 04 C 310—**Larry J. McKinney**, *Judge.*

_____

ARGUED FEBRUARY 14, 2008—DECIDED SEPTEMBER 9, 2008

_____

Before MANION, ROVNER, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* RLI Insurance Company ("RLI")
filed a declaratory judgment action seeking a determina-
tion of its obligation, if any, to defend Conseco, Inc., and
various individual defendants (collectively "Conseco")
under a liability insurance policy RLI issued to Conseco.
The district court entered summary judgment in favor of
RLI concluding that RLI was released from any duty to

defend and entitled to indemnification. Conseco appeals, and we affirm.

## I.

In April 2000, a group of plaintiffs sued Conseco and some of its officers and directors alleging securities fraud (the "Securities Action"). In their amended complaint, the plaintiffs alleged that "during 1999 and early 2000, Conseco engaged in a variety of practices to deliberately manipulate the credit loss assumptions used to value its interest-only securities and falsely report the value of these securities." The parties eventually settled the case, and on August 7, 2002, the district court entered final judgment approving the settlement. The final judgment order incorporated portions of the settlement, including that the Securities Action settlement released, among other things, any claims that a class member ever had or will have that are

> related to the conduct alleged in [the Securities Action], including, but not limited to (I) claims which arise out of any of the facts, transactions, events, occur-rences, acts or omissions mentioned or referred to in the Complaint or other matters that are or could have been set forth, alleged, embraced or otherwise referred to in the Action or the Consolidated Class Actions or which could have been brought against Defendants related to a Class Member's purchase or acquisition of Class Securities.

A dispute regarding coverage of the litigation costs resulting from the Securities Action arose between Conseco

and several of its insurance carriers, including RLI. Conseco filed a declaratory judgment action in Indiana state court claiming that RLI owed coverage for the Securities Action under an excess directors and liability insurance policy RLI had issued to Conseco. While the Securities Action was pending, Conseco, RLI, and the other insurance carriers entered into a release agreement ("Original Agreement") on May 10, 2002. RLI agreed to pay $10 million toward the settlement of the Securities Action, but reserved its right to seek reimbursement. RLI exercised that right by filing counterclaims for restitution or reimbursement in Conseco's declaratory judgment case. On October 25, 2002, after the district court had entered final judgment in the Securities Action, RLI and Conseco entered into a Supplemental Agreement And Mutual Release ("Supplemental Agreement") through which RLI dismissed its counterclaim seeking reimbursement for the $10 million it contributed to the settlement of the Securities Action. In exchange, Conseco issued RLI a general release, which provides in relevant part:

> 13. <u>General Release As To RLI.</u> The insured, and each of them, and each of their respective past, present and future employees, agents, attorneys, directors, officers, shareholders, owners, representatives, predecessors, successors, heirs, estates, executors, administrators, trustees, affiliates, parents, subsidiaries, assigns, and any person acting on their behalf (hereafter the "Conseco Related Parties"), hereby release and for-ever discharge RLI and its past, present, and future employees, agents, claims personnel, attorneys, direc-

tors, officers, shareholders, owners, representatives, predecessors, successors, heirs, estates, executors, administrators, trustees, affiliates, parents, subsidiaries, assigns, reinsurers and any person acting on their behalf (hereafter the "RLI Related Parties") from any and all claims, actions, causes of action, rights or obligations, whether known or unknown, whether contingent or liquidated, of every kind, nature and description, that the Conseco Related Parties now have or may have against the RLI Related Parties based on, arising out of, or in any way related to:

(a) the Derivative actions, the Securities action, the Coverage litigation, or the RLI Excess Policy;

(b) the defense of the Derivative actions, Securities action, or Coverage litigation including, but not limited to, all attorney's fees and expenses or expert witness/consultant fees and expenses incurred in connection with that litigation;

(c) any claim for coverage under any policy of insurance issued by RLI, including RLI Excess Policy, based on, arising out of, or in any way related to the Derivative actions, Securities action, or Coverage Litigation;

(d) any notice of claim or notice of potential claim based on, arising out of, or in any way related to the Derivative actions, Securities action, or Coverage Litigation;

(e) RLI's handling of any claim for coverage based on, arising out of, or in any way related to the

> Derivative actions, Securities action, or Coverage Litigation, including, but not limited to, any claim for bad faith, for any breach of a duty of good faith under the statute, regulations, or common law of any state, or for any unfair or deceptive trade practices; or

> (f) any claim that RLI's policy limits have been restored in whole or in part, whether in connection with [the Original Release] or otherwise.

The general release set forth in this paragraph supplants and expands the release terms set forth in paragraphs 13 and 14 of the Original Agreement.

The Supplemental Agreement also provides for indemnification:

> The Security Action Defendants, and each of them, agree to indemnify, defend, and hold harmless . . . RLI . . . from and against any and all claims, demands, damages, losses, accounts, reckonings, debts, liabilities, indemnities, obligations, actions, causes of action, settlement costs, attorney's fees, court costs, and any other costs or expenses . . . brought or made against . . . RLI . . . for any amounts which heretofore or hereafter may be claimed by persons who are insureds, claim to be insureds, or claim the rights of insureds under the RLI Excess Policy in connection with the matters released by . . . Conseco . . . including, without limitation, any claim made by any of the parties to the Litigation or the Coverage Litigation or any claim made by any other putative insured with respect to . . . the matters released by the Conseco Related Parties in this agreement.

Around the same time that Conseco and RLI entered into the Supplemental Agreement, Roderick W. Russell ("Russell") filed a putative class action suit against Conseco and several other defendants alleging violations of Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a) ("*Russell* litigation"). Russell asserted that beginning in 1999 and through 2002 Conseco's filings with the Securities and Exchange Commission were materially false, and that Conseco mismanaged plan assets, failed to make requisite disclosures, and had divided loyalties. In December 2002, Conseco filed a motion to dismiss *Russell*. By this point, however, Conseco had filed for bankruptcy, and the *Russell* litigation was stayed during those proceedings. After the stay was lifted, Russell amended his complaint on March 22, 2004. Conseco renewed its motion to dismiss on June 1, 2004. The first line of the renewed motion read: "This case should be dismissed because it has already been litigated." The motion cited the prior Securities Action stating that its settlement included Russell and the plan on whose behalf Russell brought suit. The motion continued, "Settlement class members agreed to release Conseco and anyone affiliated with Conseco (which includes all the present Defendants) from *any* claims based on *any* facts that were alleged, or that *could have been* alleged, or that are *related* to the conduct alleged, in the securities litigation." The motion went on to note that the entire Securities Action release was included in the final judgment order and listed specific overlapping allegations set forth in Russell's amended complaint and the amended complaint filed in the Securities Action.

Following the list, the motion concluded, "Because these underlying facts involved in the two cases are (at a minimum) 'related,' the claims Russell brings here fall within the definition of the securities litigation release." Finally, Conseco stated that because the Securities Action "[w]as [e]nshrined in a [f]inal judgment, [ ] the [r]elated [c]laims in the [a]mended [c]omplaint [s]hould [b]e [d]ismissed under the [d]octrine of [r]es [j]udicata."

On July 30, 2004, the district court in *Russell* granted Conseco's motion to dismiss noting that the potential *Russell* class members were class members of the Securities Action, Russell was included in the settlement in the Securities Action, and Conseco was a named defendant in the Securities Action. The *Russell* court concluded:

> The settlement of the [Securities Action], which the Court found included [Russell], and plan participants, foreclosed the future claims that [Russell] attempts now to put back at issue in this case. Therefore the argument that [Russell] makes in attempting to distinguish the instant case from the 2000 case by including a different temporal component is of no moment.

As noted above, the settlement of the Securities Action included a release of any claims arising out of the Securities Action regardless of temporal proximity.

While *Russell* was still pending, on January 9, 2003, Conseco notified RLI about the *Russell* litigation. A week later, RLI responded with a letter in which it requested various pleadings, summary of discovery, and other information from Conseco for RLI's investigation. RLI noted that based on discussions with Conseco, the case

was stayed for three months, and RLI stated that it was investigating the case under a full and complete reservation of rights. Seven months later, on July 15, 2003, RLI wrote Conseco noting that Conseco still had not provided RLI with the information requested in RLI's January 16, 2003, letter. RLI further noted that it was continuing its investigation of *Russell* and its reservation of rights.

In early January 2004, Conseco notified RLI that it had approached the policy's deductible. About a month later, on February 13, 2004, RLI responded to Conseco in a letter cataloguing its investigation of the *Russell* litigation and its conclusion that the Supplemental Release barred coverage. The letter concluded with RLI's belief that RLI had no obligation to provide coverage in *Russell*, but stated it would fund Conseco's *Russell* defense with a full reservation of rights.

That same day, RLI filed this declaratory action, later amending its complaint on March 30, 2004. Conseco filed counterclaims asserting claims for declaratory relief for a duty to defend and duty to indemnify as well as breach of duty of good faith and fair dealing claims. On Conseco's motion, the district court stayed this case while the *Russell* litigation proceeded. Following the lift of the stay, RLI filed a third amended complaint in which it asserted breach of contract claims against the Supplemental Agreement signatories for failing to indemnify RLI for the coverage claims in connection with the *Russell* litigation. RLI also sought restitution. Conseco renewed its counterclaims.

On May 4, 2006, Conseco filed a motion for partial summary judgment on its declaratory relief claim of a duty to defend and on its claim of breach of duty to defend. Conseco asserted that under Indiana law and RLI's policy, RLI had a duty to defend against all potential claims and that RLI breached that duty by not providing Conseco with a prompt and full defense. RLI responded by filing a separate motion in which it set forth its response to Conseco's motion as well as its own request for partial summary judgment. RLI responded that it had no duty to defend Conseco in *Russell* because the Supplemental Agreement covered the *Russell* litigation by extending to any claims in any way related to the Securities Action. RLI also noted that Conseco had successfully argued to the *Russell* court that *Russell* was barred by the settlement and final judgment in the Securities Action. For those same reasons, RLI asserted that it was entitled to summary judgment in relation to Conseco's breach of covenant of good faith and fair dealing claims. In response, Conseco asserted that the Supplemental Agreement did not apply to *Russell* because it said nothing about claims from the *Russell* litigation and the claims Conseco was asserting now were related to claims for coverage in *Russell* and not in any way related to the Securities Action. Conseco continued by arguing that "[e]ven if the underlying facts of *Russell* and the Securities action are related, the two cases are not, and thus, the RLI Release does not cover the *Russell* claims." Conseco noted that in *Russell* the district court was interpreting the release in the Securities Action's settlement agreement and not the release in the Supplemental Agreement.

Conseco also asserted that the district court in *Russell* "never held that the *Russell* litigation 'relates to' the Securities Action." Finally, Conseco contended that the Supplemental Release contained ambiguous language, namely "in any way related," thereby requiring that the language used in the drafting of the release be reviewed.

The district court denied Conseco's motion concluding that there was no ambiguity in the Supplemental Agreement release and that it covered the *Russell* case. The district court also granted RLI's motion for summary judgment on Conseco's counterclaim that RLI breached the covenant of good faith and fair dealing. In a separate order, the district court granted RLI's motion for indemnification, in part, concluding that RLI was entitled to recover the money it advanced in *Russell* and fees and costs associated with defending against the counterclaims in this case. The district court denied RLI's motion insofar as it sought recovery of costs and attorneys' fees associated with enforcing the Supplemental Agreement's indemnification provision. The district court entered judgment in favor of RLI against Conseco for $242,038.11 for defense costs advanced by RLI in the *Russell* litigation and $1,256,961.89 for costs RLI incurred in defending the counterclaims in this case. Conseco appeals.

II.

On appeal, Conseco argues that the Supplemental Agreement contains a latent ambiguity, and therefore the district court should have considered the Original Agreement and the parties' negotiations in addition to

the Supplemental Agreement in deciding whether *Russell* fell within the release in the Supplemental Agreement. We apply state law to substantive issues in cases before us on diversity jurisdiction. *Bevolo v. Carter*, 447 F.3d 979, 982 (7th Cir. 2006). When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits. *Ind. Ins. Co. v. Pana Cmty Unit Sch. Dist. No. 8*, 314 F.3d 895, 900 (7th Cir. 2002). Because the parties do not raise a conflict of law issue and this case was filed in a federal court in Indiana, we apply Indiana law. Under Indiana law, contracts are interpreted to effectuate the parties' intent as expressed in the agreement. If the language is unambiguous, it should be given its plain and ordinary meaning. *Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). Parol, or extrinsic evidence, is inadmissible to explain or vary the clear and unambiguous terms of a written agreement. *Evan v. Poe & Assoc., Inc.*, 873 N.E.2d 92, 101 (Ind. Ct. App. 2007). However, where the contract language is ambiguous, extrinsic evidence is permitted to ascertain the parties' intent. *Hoose v. Doody*, 886 N.E.2d 83, 90 (Ind. Ct. App. 2008).

An ambiguity does not arise simply because the parties disagree on the interpretation, but "[r]ather language is ambiguous only if reasonable people could come to different conclusions about its meaning." *Simon Prop. Group, L.P. v. Mich. Sporting Goods Distrib., Inc.*, 837 N.E.2d 1058, 1070 (Ind. Ct. App. 2005). An ambiguity may be patent or latent. A patent ambiguity is "apparent on the face of the instrument and arises from an inconsistency or inherent uncertainty of language used so that it either

conveys no definite meaning or a confused meaning." *Id.* at 1070-71 (internal quotation and citation omitted). On the other hand, a latent ambiguity arises only in the course of implementing the contract. *Id.* at 1071.

Conseco asserts that the district court erred in failing to interpret the Supplemental Agreement in conjunction with the Original Agreement and evidence of the parties' negotiations surrounding these contracts. In support of its position of looking outside the four corners of the Supplemental Agreement, Conseco asserts that the Supplemental Agreement contains a latent ambiguity "as shown by the [Original Agreement] which should have been considered by the district court because it was expressly incorporated into that agreement." Rather than first attempting to apply language of the Supplemental Release to ascertain whether there is a latent ambiguity, Conseco starts its interpretation with the Original Agreement and then proceeds to the Supplemental Agreement, arguing that the Supplemental Agreement contains a latent ambiguity in the meaning of "in any way related." Before implementing the release language in the Supplemental Agreement, however, we note that the Supplemental Agreement provides that the general release at issue in this case "*supplants* and expands the release terms set forth in paragraphs 13 and 14 of the Original Agreement." (Emphasis added.) Thus, the latter release supersedes or sets aside the release in the Original Agreement. *See Hilbert v. Conseco Services, L.L.C.*, 836 N.E.2d 1001, 1011 (Ind. Ct. App. 2005) (noting that "supersede" means to supplant or set aside). Therefore, only if the language in the Supplemental Agreement contains a latent ambiguity will we look to the Original Agreement.

In entering the Supplemental Agreement, the parties each gave valuable consideration: RLI agreed to release its claim to the $10 million it contributed to Conseco's defense in the Securities Action and, in return, Conseco agreed to release RLI "from any and all claims, actions, causes of action" that Conseco had or may have "based on, arising out of, or in *any way related to* . . . the Securities action . . . ; any claim for coverage . . . in *any way related* to the . . . Securities action . . . ." This court (as well as the Indiana Court of Appeals) has held that in interpreting a contract under Indiana law, "related" has a common understanding and meaning and "covers a very broad range of connections, both causal and logical." *Gregory v. Home Ins. Co.*, 876 F.2d 602, 606 (7th Cir. 1989). *See Am. Home Assurance Co. v. Allen*, 814 N.E.2d 662, 669 (Ind. Ct. App. 2004). In other words, it means "having relationship: connected by reason of an established or discoverable relation." *Gregory*, 876 F.2d at 606, n.5 (quoting Webster's Third New Int'l Dictionary (1981)). This release language which the parties freely negotiated is broad, but its expansiveness does not create an ambiguity, and the district court did not err in concluding that there was no ambiguity in the Supplemental Agreement and confining its interpretation to the Supplemental Agreement.

Under the unambiguous terms of the Supplemental Agreement, for RLI to be released on any duty to defend Conseco in *Russell*, *Russell* must have a relationship or a connection with the Securities Action. We conclude that it does. Conseco was a defendant in both the Securities Action and in *Russell*, and the *Russell* plaintiff was a

plaintiff in the Securities Action and a party to the Securi-
ties Action's settlement. As we noted above, the settle-
ment to the Securities Action released any claims that the
class members, such as the *Russell* plaintiff, ever *had* or
*would have* arising out of Conseco's manipulation of and
false reporting regarding securities during 1999 and 2000.
It was the same false reporting and manipulation alleged
in the Securities action that precipitated the *Russell* action,
thus the *Russell* action is "related to" the Securities Action.
It was *Russell*'s very connection with the Securities Action
that precipitated its dismissal. Accordingly, RLI did not
have a duty to defend Conseco in *Russell* because it was
a "claim for coverage . . . in any way related to . . . the
Securities action" as set forth in the Supplemental Agree-
ment.[1]

---

[1] We agree with the district court that Conseco itself "specifi-
cally argued that the two matters were related as support for
their request for [the district court] to dismiss the *Russell*
matter." As noted above, Conseco asserted that the Securities
Action's "[s]ettlement class members agreed to release
Conseco . . . from *any* claims . . . that are *related* to conduct
alleged, in the securities action." Conseco contends that
the district court erred in concluding that it was judicially
estopped from arguing that *Russell* was not related to the
Securities Action. We disagree with Conseco's characteriza-
tion (i.e., judicial estoppel) of the district court's observation.
The district court did not hold that Conseco was judicially
estopped, but rather, as we did above, independent of Conseco's
shifting arguments, that the Supplemental Agreement re-
leased RLI from any obligation that it may have had under
its policy to defend Conseco in *Russell*.

Conseco also asserts that the district court's interpretation resulted in some Supplemental Agreement language becoming surplusage and that extrinsic evidence is admissible because the Supplemental Agreement is not an integrated contract. Because Conseco did not raise either of these arguments before the district court, they are waived on appeal. *Metzger v. Illinois State Police*, 519 F.3d 677, 682 (7th Cir. 2008).

Conseco also challenges the district court's grant of summary judgment in favor of RLI on its claim for indemnification and reimbursement. In appealing this judgment, Conseco relies upon the arguments challenging the district court's interpretation of the Supplemental Release. Because the district court properly interpreted the Supplemental Release, we affirm the district court's award of indemnification and reimbursement of attorneys' fees and costs to RLI.[2]

---

[2] Conseco also challenges the district court's grant of summary judgment to RLI on Conseco's claims that RLI breached its duty of good faith and fair dealing. Conseco invokes the "mend the hold" doctrine. According to the "mend the hold" doctrine, a contract party is not permitted "to change its position on the meaning of the contract in the middle of litigation over it." *Utica Mut. Ins. Co. v. Vigo Coal Co., Inc.*, 393 F.3d 707, 716 (7th Cir. 2004). Conseco, however, did not assert the "mend the hold" doctrine before the district court, thereby waiving its argument on appeal. *Metzger*, 519 F.3d at 682.

III.

The district court did not err in its interpretation of the Supplemental Agreement because there was no latent ambiguity. Moreover, RLI did not have a duty to defend Conseco in *Russell* because *Russell* was a "claim for coverage . . . in any way related to . . . the Securities action." Therefore, RLI was entitled to indemnification and reimbursement. Finally, Conseco waived its "mend the hold" challenge to the district court's denial of its breach of good faith and fair dealing claim. We AFFIRM.