**In re The Marriage of Dawn R. CARTER–McMAHON, Appellant/Respondent/Cross–Appellee,**

v.

**Danny W. McMAHON, Appellee/Petitioner/Cross–Appellant.**

**No. 29A05–0401–CV–28.**

Court of Appeals of Indiana.

Sept. 22, 2004.

Antolin J. Reiber, Indianapolis, IN, Attorney for Appellant.

Steve Michael Lutz, J. David Hollingsworth, Hollingsworth & Associates, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

CRONE, Judge.

### Case Summary

Appellant/respondent/cross-appellee Dawn R. Carter–McMahon ("Wife") appeals the trial court's order dismissing her motion to correct error. Appellee/petitioner/cross-appellant Danny W. McMahon ("Husband") appeals the denial of certain attorney's fees. We affirm.

### Issues

Wife raises one issue:

I. Whether the trial court erred in dismissing her motion to correct error, which was filed thirty-three days after entry of an order awarding attorney's fees to Husband.

Husband challenges Wife's issue and raises the following additional, related is-

sues [1]:

II. Whether the trial court erred by not granting Husband's request for attorney's fees incurred "in the defense of an untimely filed" motion to correct error; and

III. Whether Wife's "continuing violations of the Indiana Rules of Appellate Procedure" coupled with her "frivolous" arguments warrant the imposition of damages pursuant to Indiana Appellate Rule 66(E).

*See* Appellee's Br. at 1, 16.

### Facts and Procedural History

The present appeal stems from a dissolution petition originally filed in 1999. The trial court entered its findings of fact, conclusions of law, and decree of dissolution on November 30, 2001. *See* Appellant's App., "Order on Remand for Award of Attorney Fees." [2] Wife appealed. A panel of this court issued an unpublished memorandum decision affirming the trial court. *See McMahon v. Carter-McMahon,* 787 N.E.2d 1028, No. 29A02–0206–CV–445 (Ind.Ct.App. Apr. 30, 2003). Husband petitioned for rehearing. The same panel issued an opinion on rehearing, which stated:

Given our standard of review, [Husband] has established that the trial court im-

properly ordered the parties to pay their own attorney fees when the agreement[ [3] ] expressly called for the breaching party to pay the successful party's attorney fees. Thus, we reverse as to the award of attorney fees only and remand for the trial court to enter a new order accordingly.

*See* Appellant's App., *McMahon v. Carter-McMahon,* 792 N.E.2d 100, No. 29A02–0206–CV–445, slip op. at 4 (Ind.Ct.App. July 7, 2003)(*opinion on rehearing* ).

On July 10, 2003, Husband's counsel filed an "Affidavit in Support of Indiana Court of Appeals Order to Award [Husband] Attorney Fees." Wife neither challenged the affidavit nor filed any response. In its "Order on Remand for Award of Attorney Fees," entered September 3, 2003, the trial court found that Husband had incurred attorney fees as follows:

a. Total attorney fees incurred by [Husband] through November 30, 2001: $8,883.00.

b. Additional attorney fees incurred by [Husband] defending and enforcing the parties' Post–Nuptial Agreement in the Court of Appeals: $11,000.00, making a total amount of attorney fees incurred by [Husband] in the amount of $19,883.00.

---

1. Husband also asserts that various statements in Wife's brief are unsupported by citation to the transcript/appendix and/or are irrelevant factual assertions. We agree and grant Husband's motion to strike. *See* Ind. Appellate Rule 46(A)(6)(a) and (8)(a) (setting forth rule that factual assertions in brief must be supported by references to the Record on Appeal or Appendix); *see also* Ind. Appellate Rule 42 (providing that "the court may order stricken from any document any redundant, immaterial, impertinent, scandalous or other inappropriate matter").

2. We remind Wife's counsel of the requirement that pages in an appendix be numbered.

*See* Ind. Appellate Rule 51(C). We note, however, that because the appendix was not lengthy, our review of this case was not significantly hindered due to the lack of page numbers.

3. In the prior appeal and in the opinion on rehearing, we referred to the parties' agreement as a "hybrid" because it was entered into after the marriage but before the parties contemplated dissolution proceedings. Hence, it was neither an antenuptial agreement nor a settlement agreement. The hybrid agreement contained a provision for attorney's fees.

6. [Wife] should pay [Husband's attorney] the sum of $19,883.00 and counsel shall reimburse to [Husband] those sums advanced by [Husband] in the amount of $5,293.75 upon payment.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that [Wife] is hereby ordered to pay [Husband's] attorney fees in the amount of $19,883.00, through the Clerk of this court, such being the total amount of attorney fees incurred by [Husband] leading up to the Decree of Dissolution entered in this cause and the sums incurred by [Husband] on appeal, within thirty (30) days of this Order.

*See* Appellee's Br. Addendum A.

Wife's attorney filed a motion to correct error on October 6, 2003, thirty-three days after the trial court's entry of its order on remand. Husband filed a motion to strike Wife's "Untimely Filed Motion to Correct Errors and Request for Fees" on October 14, 2003. On November 17, 2003, the trial court heard argument on the motion to strike. On December 1, 2003, the trial court filed its order dismissing wife's motion to correct error and denying Husband's request for additional attorney fees.

### Discussion and Decision

#### Standard of Review

■ "A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct errors." *Volunteers of America v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 658, (Ind.Ct.App.2001). "A trial court has abused its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom." *Id.*

#### I. *Propriety of Dismissal of Motion to Correct Error*

■ Wife acknowledges the above standard of review, but also notes the "marked judicial preference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." Appellant's Br. at 3. Wife asserts that Trial Rule 6(E) applies to extend by three days the time-period during which she could file her motion to correct error. For support, she cites both *Baker v. Sihsmann*, 161 Ind.App. 260, 315 N.E.2d 386 (1974) and *Coleman v. Charles Court*, 797 N.E.2d 775 (Ind.Ct.App.2003). In addition, she notes, "Trial Rule 59 does not state that Trial Rule 6(E) does not apply." Appellant's Br. at 5. In the alternative, Wife cites Trial Rule 72(D) and (E), contends that there was no record of mailing of the order of attorney fees in the Chronological Case Summary, and argues that the trial court "has discretion to grant an extension of time which would clearly encompass October 6, 2003[.]" *Id.* at 6.

In challenging Wife's proposed application of Trial Rule 6(E), Husband cites numerous cases holding that a trial court was without jurisdiction to address issues because a motion to correct error was filed more than thirty days after entry of judgment. *See, e.g., Kratkoczki v. Regan*, 178 Ind.App. 184, 187, 381 N.E.2d 1077, 1079 (1978) (33 days); *Brunner v. Terman*, 150 Ind.App. 139, 148, 275 N.E.2d 553, 558–59 (1971) (31 days); *Gillian v. Brozovic*, 166 Ind.App. 682, 683, 337 N.E.2d 152, 153–54 (1975) (32 days). Each case cited by Husband exemplifies a rigid application of the thirty-day period. However, none of the parties in the cases cited by Husband (or Wife for that matter) specifically raised the issue of whether Trial Rule 6(E) applies to extend Trial Rule 59(C)'s thirty-

day deadline in which to file a motion to correct error.

In addressing this issue of first impression, we are mindful of the rules of statutory construction, which are applicable to the interpretation of trial rules. *Noble County v. Rogers,* 745 N.E.2d 194, 197 n. 3 (Ind.2001). Thus, as with statutes, our objective when construing the meaning of a rule is to ascertain and give effect to the intent underlying the rule. *See Turner v. Bd. of Aviation Comm'rs,* 743 N.E.2d 1153, 1161 (Ind.Ct.App.2001), *trans. denied.* We are also mindful that "the Rules of Trial Procedure are to be construed together and harmoniously if possible." *Rumfelt v. Himes,* 438 N.E.2d 980, 983 (Ind.1982). Where a rule has not previously been construed, the express language of the rule controls the interpretation. *Dreyer & Reinbold, Inc. v. AutoXchange.com., Inc.,* 771 N.E.2d 764, 767 (Ind.Ct.App.2002), *trans. denied.* If the language of a rule is clear and unambiguous, it is not subject to judicial interpretation. *Spears v. Brennan,* 745 N.E.2d 862, 869 (Ind.Ct.App.2001). Moreover, in construing a rule, it is just as important to recognize what it does not say as it is to recognize what it does say. *City of Evansville v. Zirkelbach,* 662 N.E.2d 651, 654, (Ind.Ct.App.1996), *trans. denied.*

Trial Rule 59(C) states:

**Time for filing: Service on judge.** The motion to correct error, if any, *shall* be filed not later than thirty (30) days *after the entry of a final judgment* or an appealable final order. . . .

(Emphases added). Trial Rule 6(E) reads:

**Additional time after service by mail.** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice* or other paper upon him and the notice or paper is served upon him by mail, three [3] days shall be added to the prescribed period.

(Emphasis added). A plain reading of Rule 59(C) provides that the thirty-day deadline for filing a motion to correct error is triggered by "the entry of a final judgment or an appealable final order," whereas under Rule 6(E), the expanded period is activated by "service of a notice."[4] That is, Rule 59(C)'s deadline is not triggered by the same event that sets Rule 6(E) in motion. Further, neither rule cites the other. As such, we are unconvinced that Rule 6(E) is related to Rule 59(C), let alone applies to extend the thirty-day period that begins upon entry of judgment.

While we have located no Indiana cases directly on point, numerous federal cases bolster our conclusion that Rule 6(E)[5] is inapplicable to the deadline computation under Rule 59(C). *See Jackson v. Crosby,* 375 F.3d 1291, 1293 n. 5 (11th Cir.2004) ("Because Rule 6(e) only applies when a party 'has the right or is required to do some act or take some proceedings *within a prescribed period after the service*' (emphasis added), while Rule 59(b) and (e) require action to be taken within '10 days

---

**4.** Accordingly, *Sihsmann* and *Coleman* are inapposite as they both concern time-periods required for the filing of responses to documents served by other parties to the action rather than the entry of a judgment/order.

**5.** The federal counterpart to Indiana's Trial Rule 6(E) is entitled, "Additional Time After Service Under Rule 5(b)(2)(B), (C), (D)," and provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served, upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period." Fed. Trial Rule 6(e).

after *entry* of the judgment,' (emphasis added) Rule 6(e) can never extend the time for filing a Rule 59(b) or (e) motion.") [6]; *Cavaliere v. Allstate Ins.*, 996 F.2d 1111, 1113 (11th Cir.1993) ("there is no interplay between Rules 6(e) and 59"); *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir.1998) ("Rule 6(e) does not apply to the 10–day period that runs from entry of judgment . . .") (quoting 1 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 6.05[3], at 6–35 (3d ed.1998)), *cert. denied; Parker v. Bd. of Pub. Utils. of Kansas City, Kansas*, 77 F.3d 1289, 1291 (10th Cir.1996) ("[W]e now hold that the three-day mail provision of Rule 6(e) is not applicable to a motion pursuant to Rule 59(e) and does not extend a ten-day time period under that rule."); *Derrington–Bey v. Dist. of Columbia Dep't of Corr.*, 39 F.3d 1224, 1226 (D.C.Cir.1994) ("Rule 6(e) does not add 3 days to the 10 days allowed under Rule 59(e)"); *Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870–71 (3d Cir.1994) ("the period for bringing the 59(e) motion begins with 'entry of judgment' ").

Moreover, the Seventh Circuit has addressed related issues in similar contexts. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir.1994) (Rule 6(e) does not add three days to Rule 54's five-day period that starts with entry of the clerk's order); *accord Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241 (7th Cir.1996) ("when judicial action is complete on filing, Rule 6(e) does not apply"); *cf. Bailey v. Sharp*, 782 F.2d 1366, 1372 (7th Cir.1986) (Easterbrook, J., concurring) (Rule 6

makes it clear that courts have no authority to enlarge the filing period). Hence, the Seventh Circuit, like its sister circuits, recognizes that Rule 6(E) does not apply to time-periods that run from entry rather than service. While these federal cases are clearly not binding on a question regarding our state's procedural rules, we find their reasoning sound and consistent with our guidelines for construction. Indeed, to conclude that Indiana Trial Rule 6(E)'s three-day extension applies to a motion to correct error would be an unauthorized judicial interpretation of plain language.

An examination of other Indiana Trial Rules and subsections provides further support for our conclusion that Trial Rule 6(E) does not apply to Trial Rule 59(C). For instance, Trial Rule 6(A), entitled, "Computation," explains how to calculate time-periods, e.g., when Saturdays, Sundays, and/or holidays are included within the calculation of a time-period. Subsection (E), "Additional time after service by mail," is not included within subsection (A), "Computation." Thus, the structure of the rules implies that Rule 6(E) is not an automatic part of the "computation" or calculation of the thirty-day deadline.

In addition, Trial Rule 6(B) states:

**Enlargement.** When an act is required or allowed to be done at or within a specific time by these rules, the court may at any time for cause shown:

(1) order the period enlarged, with or without motion or notice, if request therefore is made before the expiration

---

**6.** Federal Trial Rule 59(b), "Time for Motion," provides: "Any motion for a new trial shall be filed no later than 10 days after *entry of the judgment.*" (Emphasis added). Federal Trial Rule 59(e), "Motion to Alter or Amend Judgment," provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after *entry of the judgment.*" Al-

though these federal counterparts to Indiana's Trial Rule 59(C) do not specifically concern motions to correct error, the same logic applies. Indeed, one could argue that the result under the federal rules is even harsher in that the time-period is considerably shorter (ten days versus thirty days).

of the period originally prescribed or extended by a previous order; or

(2) upon motion made after the expiration of the specific period, permit the act to be done where the failure to act was the result of excusable neglect; but, *the court may not extend the time* for taking any action for judgment on the evidence under Rule 50(A), amendment of findings and judgment under Rule 52(B), *to correct errors under Rule 59(C),* statement in opposition to motion to correct error under Rule 59(E), or to obtain relief from final judgment under rule 60(B), *except to the extent and under the conditions stated in those rules.*

(Emphases added). In other words, according to Trial Rule 6(B)(2), except to the extent Trial Rule 59(C) explicitly states otherwise, after the thirty days has elapsed, a court may not extend the time to correct errors even if excusable neglect exists. Again, Trial Rule 59(C) states: "The motion to correct error, if any, *shall* be filed not later than thirty (30) days *after the entry of a final judgment* or an appealable final order." Trial Rule 59(C) makes no provision for extending the thirty-day time frame if the time has already passed.

As for Trial Rule 72(D), it is true that "[i]mmediately upon the entry of a ruling upon a motion, an order or judgment, the clerk shall serve a copy of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear and shall make a record of such mailing." However, Wife's reliance upon this rule is misplaced because the very next subsection provides: **"Effect of Lack of Notice.** Lack of notice, or the lack of the actual receipt of a copy of the entry from the Clerk shall *not* affect the time within which to initiate proceedings to contest such ruling, order or judgment, except as provided in this section." Ind.

Trial Rule 72(E) (emphasis added). The rule goes on to state:

When the mailing of a copy of the entry by the Clerk is not evidenced by a note made by the Clerk upon the Chronological Case Summary, *the Court, upon application for good cause shown, may grant an extension* of any time limitation within which to contest such ruling, order or judgment to any party who was without actual knowledge, or who relied upon incorrect representations by Court personnel. Such extension shall commence when the party first obtained actual knowledge and not exceed the original time limitation.

*Id.* (emphasis added). Wife does not claim that she did not receive the September 3, 2003 order; rather, she asserts (without citation to the record), "[I]t is unclear when the Order on Remand for Award of Attorney Fees was received by [Wife's] attorney." Appellant's Br. at 7. In any event, Wife, having not made application to the trial court for additional time and having made no showing of good cause, could not avail herself of Trial Rule 72(E)'s extension provision. Hence, Trial Rule 72(E)'s default clause, which indicates that lack of notice "of the entry from the Clerk shall not affect the time within which to initiate proceedings to contest such ruling," applies. Therefore, the thirty-day period remained unchanged.

Given our analysis above, we cannot say the trial court abused its discretion in dismissing Wife's motion to correct error. Rather than being clearly against the logic and effect of the facts and circumstances before the court, the trial court's decision regarding the inapplicability of Trial Rule 6(E) to the motion to correct error properly predicted our decision today. We are mindful of the harshness of this result and reiterate the preference for deciding cases on their merits when possible. However,

faced with this particular scenario, the trial court correctly dismissed as untimely Wife's motion to correct error.

### II. Attorney's Fees Incurred in Defense of Motion to Correct Error

At the November 17, 2003 hearing regarding Wife's motion to correct error and Husband's request for additional attorney fees, the following colloquy occurred:

> The Court: I respect Mr. Hollingsworth and he has had to go to additional effort in order to proceed in this matter; however, the Court believes under the circumstances that awarding additional fees is not warranted. I would only indicate to you, Mr. Reiber, and I'm not the one deciding, you're obviously, you're free to take the matter up. We obviously have a record here, you've submitted the case law and your position clearly to the Court and if you feel it's appropriate to take it up, that's certainly, you're free to do so. Certainly the Court of Appeals will make that decision as to whether or not additional fees should be awarded and the matter remanded back, but it is something that you will want to think about because it's one thing to have a hearing here where Mr. Hollingsworth, you know, takes about an hour out of his time, it may be something else to file briefs and responses and other matters—
>
> Mr. Reiber: Sure.
>
> The Court:—with the Court of Appeals. So I'm not saying, I'm not saying that in any way, I'm just saying you're free to take such action as you see fit, but Mr. Hollingsworth's view may be differently, a different thing.
>
> Mr. Reiber: I'm sure it is and I certainly appreciate your input, judge. Unfortunately, I just think with respect to the attorney fees, I think there's no question that we have to at least try.

> The Court: Right. And so this Court finds then once again in summary that the Motion to Strike is granted and number two, that the Court, considering the fact that there's been argument here today and case law presented, the Court will not award additional attorney fees....

Tr. at 26–27. Indeed, in its December 1, 2003 written order, the trial court dismissed Wife's motion to correct error and denied Husband's request for additional attorney fees in connection therewith. However, the trial court's written order provided no explanation for the decision denying attorney fees.

 When reviewing an award or denial of attorney fees,

> we note that the trial court is empowered to exercise its sound discretion, and any successful challenge to its determination must demonstrate an abuse thereof. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Generally, parties to litigation in Indiana pay their own attorney fees absent a statute or agreement authorizing an award of such fees. A contractual provision agreeing to pay attorney fees is enforceable if the contract is not contrary to law or public policy.

*Bank of New York v. Nally,* 809 N.E.2d 405, 407 (Ind.Ct.App.2004) (citations omitted), *trans. not yet sought.*

 In his cross-appeal, Husband asserts, "[w]hile the trial court has broad discretion in issuing an award of attorney fees, this is an extraordinary case clearly warranting the award of attorney fees." Appellee's Br. at 14. He elaborates as follows:

> The parties agreed that the prevailing party would assume the cost of litiga-

tion. In the event [Husband] is successful in his defense of [Wife's] Motion to Correct Errors and this appeal, this Court should remand this case back to the trial court for a determination of the reasonable amount of attorney fees incurred since the entry of the trial court's September 3, 2003 Order on Remand. *Id.* at 15. Husband maintains, "[a]t some point, a message must be sent to [Wife] that she cannot simply continue to groundlessly force [Husband] to defend her unsubstantiated pleadings in court without any recourse." *Id.* Wife did not file a reply brief. "Where an appellant fails to file a response to a cross-appeal, the cross-appellant may prevail if its brief presents a prima facie case of error." *Sand Creek Country Club, Ltd. v. CSO Architects, Inc.*, 582 N.E.2d 872, 875–76 (Ind.Ct.App.1991). Prima facie error is " 'error at first sight, on first appearance, or on the face of it.' " *Id.* at 876 (citation omitted).

The time frame at issue is from September 3, 2003, the date of the order on remand, through November 17, 2003, the date of the hearing on the motion to strike the motion to correct error. The trial court, which presumably had the language of the attorney fee provision within the original hybrid agreement before it, determined that it would *not* order Wife to pay Husband's attorney fees incurred during that time-period. In this second appeal, neither Husband nor Wife has provided us with a copy of the attorney fee provision within the hybrid agreement. Without the benefit of the hybrid agreement's actual language regarding attorney fees, we cannot say that the trial court abused its discretion in denying Husband's request for additional attorney fees incurred from September 3, 2003 through the November 17, 2003 hearing. *See Pond v. Pond,* 700 N.E.2d 1130, 1136 (Ind.1998) ("[A] contract for attorney fees is enforceable *according to its terms* unless contrary to law or public policy") (emphasis added). We do not have the relevant terms before us.

As for attorney fees incurred by Husband after November 17, 2003, it is within Husband's prerogative to request that the trial court order Wife to pay those as well. Again, the trial court, with the hybrid agreement before it, would be in the best position to decide whether additional attorney fees fall within the parameter of those recoverable under the attorney fee provision. Of course, if Husband does seek fees incurred after November 17, 2003, and if such a request were denied, Husband could then appeal—assuming he provided a proper record for review.

### III. Appellate Damages and Attorney's Fees for Defending "Frivolous" Appeal

In addition, Husband contends that we should award him appellate damages and attorney's fees because Wife's arguments "regarding the timeliness of her Motion to Correct Errors are completely devoid of merit" and because of her "continued violations of the various provisions of the Indiana Rule of Appellate Procedure[.]" Appellee's Br. at 16.

Indiana Appellate Rule 66(E) provides, "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." "[S]uch an award is discretionary and may be ordered when an appeal is replete with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Trost–Steffen v. Steffen,* 772 N.E.2d 500, 514 (Ind.Ct.App.2002), *trans. denied.* "However, we must use extreme restraint when exercising our discretionary power to award damages on appeal because of the

potential chilling effect upon the exercise of the right to appeal." *Id.* "The sanction of appellate damages for lack of merit should be applied only when the party's contentions and arguments are utterly devoid of all plausibility." *Id.*

As we noted previously in this opinion, in asserting that Trial Rule 6(E) applied to extend the thirty-day period of Trial Rule 59(C), Wife raised an issue of first impression. Although we hold against her today, Wife did not put forth contentions and arguments utterly devoid of all plausibility. Therefore, an award of Appellate Rule 66(E) damages and fees against her would be inappropriate. *See Chrysler Motor Corp. v. Resheter,* 637 N.E.2d 837, 839 (Ind.Ct.App.1994) ("Because Resheter's motion presented a genuine issue of first impression, we cannot conclude that it is baseless, frivolous and unreasonable as a matter of law."), *trans. denied; see also In re Visitation of A.R.,* 723 N.E.2d 476, 480 (Ind.Ct.App.2000) (holding that trial court erred in awarding attorney fees where ultimately unsuccessful party raised issue of first impression). As for Wife's violations of the Appellate Rules, we have already appropriately dealt with them elsewhere in this opinion, first by striking portions of Wife's Appellant's Brief, and second by simply noting the lack of page numbers in the Appendix.

Affirmed.

RILEY, J., and VAIDIK, J., concur.