**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 10 2012, 8:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**P. ADAM DAVIS**
Davis & Sarbinoff, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**RUSSELL L. BROWN**
Clark Quinn Moses Scott & Grahn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY J. MILLS, | ) | |
| | ) | |
| Appellant-Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1105-CT-236 |
| | ) | |
| DEAN KIMBLEY, | ) | |
| | ) | |
| Appellee-Cross-Appellant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
Cause No. 49D07-0610-PL-43445

**February 10, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Gregory Mills appeals the trial court's denial of his contempt motion filed against Dean Kimbley, who cross-appeals the trial court's denial of his request for liquidated damages and attorney fees. We affirm in part, reverse in part, and remand.

**Issues**

Mills raises four issues, which we consolidate and restate as whether the trial court properly denied his contempt motion. On cross-appeal, Kimbley raises one issue, which we restate as whether, as the prevailing party, he was entitled to liquidated damages and attorney fees.

**Facts**

Mills and Kimbley are next-door neighbors in Indianapolis. On his property, Kimbley has an in-ground swimming pool and a garage with a game room above it. In 2006, Mills and Kimbley became involved in litigation regarding what Mills believed was Kimbley's disruptive activity, including Kimbley playing loud music. Mills documented these activities in a journal and by videotaping Kimbley and his guests without their permission.

Mills filed a complaint alleging nuisance, common law and criminal trespass, and intentional infliction of emotional distress. Kimbley eventually filed a counter-claim alleging invasion of privacy. In 2008, Kimbley moved for summary judgment on Mills's claims and his own counter-claim. The trial court granted summary judgment in favor of Kimbley on all of the claims and scheduled a hearing on damages. Mills appealed, and we reversed the trial court's grant of summary judgment on Mills's trespass claims and

2

Kimbley's invasion of privacy counter-claim. See Mills v. Kimbley, No. 49A02-0902-CV-174 (Ind. Ct. App. July, 23, 2009). We affirmed the trial court's grant of summary judgment on Mills's nuisance claim and his intentional infliction of emotional distress claim. See id. Mills sought transfer, and our supreme court vacated our opinion and dismissed the appeal for lack of jurisdiction because the trial court's summary judgment order was not a final appealable order because there had been no determination of damages. See Mills v. Kimbley, 932 N.E.2d 1230 (Ind. 2010) (order dismissing appeal).

On September 15, 2010, the parties entered into an agreed judgment ("Agreed Judgment"), which was approved by the trial court. The Agreed Judgment provided in part:

> 3. Defendant [Kimbley] shall be entitled to use his property in accordance with all local ordinances and state statute. Specifically, Defendant shall be permitted to play music and/or create noise outside between the hours of 7:00 A.M. and 10:00 P.M. as permitted by Indianapolis Marion County Code, Section 391-302(c)(2). Should Plaintiff [Mills] feel at any time between the hours of 7:00 A.M. and 10:00 P.M. that the level of music and/or noise coming from Defendant's property is at an unreasonable level inside Plaintiff's home, Plaintiff shall politely communicate this to the Defendant via text message or phone call at the numbers provided to Plaintiff by Defendant. If the Defendant fails to reduce the level of the music and/or noise within thirty (30) minutes of such a request so it is no longer audible inside Plaintiff's home, Plaintiff shall be entitled to capture the level of sound via any reasonable means, including, but not limited to, video recording for purposes of showing that Defendant is in breach of this Agreed Judgment.
>
> 4. If Defendant is playing music and/or creating noise outside his home which is audible on the Plaintiff's property (include [sic] inside and outsideof [sic] Pliantiff's [sic] home) between the hours of 10:00 P.M. and 7:00 A.M. or is playing

music and/or creating noise from inside any structures located on his property which is audible from Plaintiff's property [ ] (including in side [sic] and outside of Plaintiff's home), Plaintiff shall politely communicate this fact to Defendant at the phone numbers provided to Plaintiff by Defendant. If the Defendant fails to reduce the level of the music within thirty (30) minutes of such a request so that it is no longer audible within Plaintiff's property, Plaintiff shall be entitled to capture the level of sound via any reasonable means, including, but not limited to, video recording, for purposes of showing that Defendant is in breach of this Agreed Judgment.

\* \* \* \* \*

6.    There shall be no harassment between Plaintiff and Defendant or guests/visitors of Plaintiff and Defendant. Should any activity occur which is perceived as harassment, the harassed party shall notify the opposing party of such activity via phone call or text message and the opposing party shall take any and all reasonable steps to ensure such activity ceases.

\* \* \* \* \*

9.    To the extent one party believes there has been a breach of this agreed judgment, the agreed upon judicial remedy shall be to bring a contempt motion in the above-referenced litigation against the opposing party based on the terms and conditions of this agreed judgment.

10.    Given that the damages for such a breach shall be difficult to calculate, the parties hereby agree that the prevailing party in any contempt action occurring as a result of an alleged breach of this Agreed Judgment shall be entitled to liquidated damages in the amount of five hundred dollars ($500.00) for each violation of this Agreed Order. Additionally, the prevailing party shall be entitled to any and all legal fees incurred as a result of the contempt action.

App. pp. 9-10 (space added between paragraphs 3 and 4).

4

On December 21, 2010, Mills filed a motion for rule to show cause, contempt citation, and damages. Mills alleged that from September 18, 2010 through October 30, 2010, Kimbley violated the Agreed Judgment on thirty-four occasions. There were nine allegations that Kimbley violated the daytime noise provision of the Agreed Judgment, two allegations that Kimbley violated the nighttime noise provision,[1] and twenty-three allegations of harassment, most of which involved Kimbley, who smokes two and half packs a day and has a "hacking" cough, staring at Mills or his guests and coughing excessively.[2] Tr. p. 17. Mills requested liquidated damages in the amount of $17,500 or $22,000 if the trial court considered some of the violations to be "double violations" for being both harassment and noise violations. Mills also requested attorney fees and costs.[3]

The trial court held hearings on the motion on March 9, 2011, and April 11, 2011.[4] On April 14, 2011, the trial court issued an order, which stated that Mills failed to prove the violations as alleged in the contempt motion. The trial court also found that neither

[1] At the hearing, Mills stipulated that one of the nighttime noise allegations was incorrect and should have read 11:00 a.m. instead of 11:00 p.m. See Tr. pp. 85-86. As for the remaining nighttime noise allegation, Mills testified that any of the noise after 10:00 p.m. was yelling and not music.

[2] An October 14, 2010 allegation of harassment was withdrawn at the hearing, leaving twenty-two harassment allegations.

[3] In the absence of a clear classification of the alleged violations by Mills, we have attempted to classify them for purposes of our review. Any reclassification of one offense as another would not change our analysis.

[4] Mills apparently recorded the noise violations using a handheld camera. Although a DVD of the recordings was played at the hearing and Kimbley stipulated to its admissibility, it does not appear that it was actually admitted into evidence and is not included in the record on appeal. Even if was admitted into evidence and for some was inadvertently omitted as an exhibit in the record on appeal, "[t]he party claiming the error has the burden to establish a complete and accurate record." Smith v. Convenience Store Distributing Co., 583 N.E.2d 735, 739 (Ind. 1992). Regardless, when the DVD was played during the hearing, Mills acknowledged that some of the clips are difficult to hear and that the music was louder in person. See Tr. p. 69.

5

party was entitled to liquidated damages or legal fees incurred as a result of the contempt action. Both parties now appeal.

## Analysis

Mills argues that the trial court erroneously denied his contempt petition, and Kimbley asserts he, as the prevailing party, is entitled to liquated damages and attorney fees. "The trial court enjoys discretion in determining whether a party is in contempt of court, and its decision will be reversed only for an abuse of discretion." Mitchell v. Mitchell, 871 N.E.2d 390, 394 (Ind. Ct. App. 2007). "A court will be deemed to have abused its discretion when its decision is against the logic and effect of the facts and circumstances before the court or is contrary to law." Id. When reviewing a trial court's determination on contempt matters, we will neither reweigh evidence nor judge witness credibility, and we will affirm unless, after a review of the entire record, we have a firm and definite belief that a mistake has been made by the trial court. Id.

To the extent the terms of the Agreed Judgment are at issue, it is well settled that the construction of settlement agreements is governed by contract law. McGraw v. Marchioli, 812 N.E.2d 1154, 1157 (Ind. Ct. App. 2004). "Construction of the terms of a written contract is a pure question of law for the court, and we conduct a de novo review of the trial court's conclusions in that regard." Id. "The goal of contract interpretation is to ascertain and give effect to the parties' intent as reasonably manifested by the language of the agreement." Reuille v. E.E. Brandenberger Const., Inc., 888 N.E.2d 770, 771 (Ind. 2008). When the contract language is clear and unambiguous, it must be given its plain and ordinary meaning. Id.

6

## I. Contempt Allegations

## A. Noise Violations

Lumping all of the alleged noise violations together, Mills argues daytime noise and nighttime noise "distinctions are unnecessary as the evidence submitted, which was not contradicted, is that Mills' claims are all related to noise that he perceived as unreasonable and that was audible in and throughout his house regardless of whether said noise occurred during the day or night." Appellant's Br. p. 11. Mills claims:

> The undisputed evidence provides that (1) the noise complained of comes from Kimbley, (2) the noise complained of was audible in the house, (3) that Mills perceived the noise as being unreasonable, (4) that Mills sent a text to remedy the situation, (5) Mills, each time, waited at least thirty (30) minutes before videotaping the noise supporting the violation, and (6) that the violation continued at least the same level of noise or louder thereafter.

Id.

In making this argument, however, Mills fails to cite any portion of the transcript supporting his assessment of evidence related to each of the eleven noise-related allegations. Such citations are especially important here, where the trial court specifically found that Mills failed to prove the various allegations in his motion. "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." Marion-Adams School Corp. v. Boone, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006). Without specific

7

citations to evidence supporting each allegation, Mills has not established that the trial court erred in finding that he failed to prove the alleged noise violations.[5]

## B. Harassment

Regarding the numerous allegations of harassment, Mills claims:

> The undisputed facts demonstrate that (1) the coughing and steering [sic] incidents were perceived by Mills as harassing, and (2) that Mills sent a text to stop the coughing and steering [sic], and (3) that Kimbley, although he knew that Mills perceived these actions as being harassing, refused to take any steps or otherwise respond to the text on the ground that his actions, which he does not deny, were allegedly not meant to be harassing.

Appellant's Br. p. 12. Again, Mills does not direct us to specific evidence supporting each of the twenty-two allegations of harassment. Without specific citations to evidence supporting each allegation, Mills has not established that the trial court erred in finding that he failed to prove the harassment allegations.

To the extent Mills argues that the trial court misinterpreted this provision of the Agreed Judgment, we are not persuaded. The harassment provision states:

> There shall be no harassment between Plaintiff and Defendant or guests/visitors of Plaintiff and Defendant. Should any activity occur which is perceived as harassment, the harassed party shall notify the opposing party of such activity via

---

[5] Regarding the daytime noise allegations, Mills's application of the allegedly undisputed facts completely ignores the first two sentences of this provision, which states, "Defendant shall be entitled to use his property in accordance with all local ordinances and state statute. Specifically, Defendant shall be permitted to play music and/or create noise outside between the hours of 7:00 A.M. and 10:00 P.M. as permitted by Indianapolis Marion County Code, Section 391-302(c)(2)." App. p. 9. At the hearing, Kimbley testified that, when he received a second text from Mills only four days after the Agreed Judgment was approved, he called the police, explained the situation, and asked what a reasonable level of music was. Kimbley testified that a police officer walked his property, and told Kimbley not to go above a certain level, which Kimbley marked on his radio. Kimbley testified that he then played the stereo at that level. It was for the trial court to weigh the evidence and assess witness credibility, and we may not reweigh or reassess such.

8

> phone call or text message and the opposing party shall take
> any and all reasonable steps to ensure such activity ceases.

App. p. 10. Quite simply, the Agreed Judgment did not require Kimbley to respond to Mills's text, nor are we convinced that the single September 19, 2010 text to stop the coughing fits and staring was sufficient notice of the twenty-two allegations of harassment. Without more, Mills has not established that the trial court's conclusion that he did not prove the allegations of harassment was against the logic and effect of the facts and circumstances before the court or is contrary to law.

## II. *Liquidated Damages and Attorney Fees*

On cross-appeal, Kimbley argues that he is entitled to liquidated damages of at least $17,500.00 for the alleged violations and attorney fees based on the terms of the Agreed Judgment. Mills has not filed a reply brief responding to this argument. Where an appellant fails to file a response to a cross-appeal, the cross-appellant may prevail if he or she presents a prima facie case of error. Carter-McMahon v. McMahon, 815 N.E.2d 170, 179 (Ind. Ct. App. 2004). "Prima facie error" is defined as error at first sight, on first appearance, or on the face of it. Id.

Regarding liquidated damages, the Agreed Judgment provides:

> Given that the damages for such a breach shall be difficult to
> calculate, the parties hereby agree that the prevailing party in
> any contempt action occurring as a result of an alleged breach
> of this Agreed Judgment shall be entitled to liquidated
> damages in the amount of five hundred dollars ($500.00) for
> each violation of this Agreed Order.

App. p. 10. Kimbley contends, "The plain language states that the award of liquidated damages should be made to a prevailing party and that the award should be for five

9

hundred dollars ($500.00) per violation." Appellee's Br. p. 11. Although we generally agree with Kimbley's assessment of the Agreed Judgment, Kimbley did not prove any violations here; instead, there were simply Mills's unproven allegations of violations. We do not believe the parties intended to permit the recovery of damages where violations were alleged but not proven. Had the parties so intended, they could have included such language in the Agreed Judgment. Based on the plain and ordinary reading of this provision, we do not believe Kimbley was entitled to liquated damages for each of the alleged violations.

Regarding attorney fees, the Agreed Judgment provides, "Additionally, the prevailing party shall be entitled to any and all legal fees incurred as a result of the contempt action." App. p. 10. The parties expressly agreed that perceived breaches of the Agreed Judgment would be remedied by bringing a contempt motion against the opposing party. See id. Because Kimbley successfully defended against Mills's contempt allegations, he has made a prima facie showing that he is entitled to attorney fees.

As for Kimbley's claim that he is entitled to attorney fees for successfully defending against the appeal, the Agreed Judgment provides for the recovery of "any and all" legal fees incurred as a result of a contempt action. Id. Based on this broad language, we believe Kimbley has a made a prima facie showing that he is entitled to recover appellate attorney fees associated with defending the action on appeal.

10

## Conclusion

Mills has not established that the trial court erroneously denied his contempt motion. Although Kimbley did not make a prima facie showing that he was entitled to recover liquidated damages, he has shown that he is entitled to recover attorney fees associated with defending the contempt action, including appellate attorney fees, and we remand for the trial court to calculate Kimbley's attorney fees. We affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and BRADFORD, J., concur.