


FILED
Sep 06 2024, 9:23 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

In re: the Marriage of:

Marcos Coronado (Father),

*Appellant-Respondent*

v.

Connie Coronado (Mother),

*Appellee-Petitioner*

---

September 6, 2024

Court of Appeals Case No.
24A-DR-157

Appeal from the Lake Circuit Court

The Honorable Lisa Berdine, Magistrate

Trial Court Cause No.
45C01-1210-DR-793

---

**Opinion by Judge May**
Judges Vaidik and Kenworthy concur.

**May, Judge.**

Marcos Coronado ("Father") appeals the denial of the motion to correct error that he filed following the trial court's order striking Father's "Verified Petition to Emancipate, Modify Child Support[,] Custody & College Contributions and Determine Arrearage" ("Child-Related Motion"). (App. Vol. II at 21) (original formatting omitted). The trial court struck Father's petition because he did not comply with Lake County Family Law Rule 9 ("FLR 9"), which requires petitions to include a statement confirming compliance with the party's duty to consult with the opposing party to attempt to reach a solution prior to seeking relief in court. Father presents two issues, but we find one dispositive: Whether the trial court abused its discretion when it struck Father's Child-Related Motion. We reverse and remand.

## Facts and Procedural History

Connie Coronado ("Mother") and Father were married and have two children together: M.C., who was born April 16, 2003; and S.C., who was born September 28, 2005. On October 2, 2012, Mother filed for dissolution of marriage. On January 10, 2013, the trial court issued its order dissolving the parties' marriage.[1] On July 27, 2021, Mother filed a motion to modify child support and for post-secondary education expenses. The trial court held a

---

[1] As this order is not before us, we do not know what the court initially ordered regarding child custody and support.

hearing on the matter on March 21, 2022, and issued its order the same day. According to Father's verified petition, that order stated, in relevant part:

> 11. Mother's request for post-secondary education expenses for [M.C.] is hereby GRANTED and retroactive to April 29, 2021.
>
> 12. The parties shall divide any and all out of pocket costs for [M.C.'s] post-secondary education not covered by financial aide [sic] 81% Father and 19% Mother. Pursuant to Mother's Exhibit 5, as of March 21, 2022, Mother has expended the sum of $2,500.00 for [M.C.'s] out of pocket post-secondary education and therefore, Father shall reimburse Mother 81% of said costs, or $2,025.00.

(App. Vol. II at 23.)[2]

On December 28, 2023, Father filed his Child-Related Motion, which in conclusion requested the following relief:

> [Father] prays that the Court, after notice of hearing & hearing, declares the parties' child, [M.C.], emancipated as a matter of law & terminates the Child Support Order as it relates to [M.C.]; declares [M.C.] emancipated by operation of law; modifies the Child Support Order for [S.C.]; modifies the college contribution order for [M.C.]; orders a college contribution order for [S.C.]; modifies physical custody to reflect that [S.C.] now reside [sic] with [Father] and modifies physical custody for [S.C.] accordingly; and, determines an arrearage, if any; awards [Father] reasonable attorney fees bringing [sic] this matter to the

---

[2] We quote this language as presented in Father's petition because Father also did not provide a copy of the trial court's 2022 order in his Appendix.

Court's attention; and, for any other relief the Court deems proper and just in the premises.

(*Id*. at 24-5.) In his Child-Related Motion, Father stated he did not comply with FLR 9 "in order to preserve [Father's] right to retro-activity in accordance with established Indiana case law regarding child support modification" and because FLR 9(C) violated the Open Courts Clause found in Article 1, Section 12 of the Indiana Constitution. (*Id*. at 21.)

[4] On January 4, 2024, the trial court sua sponte issued an order striking Father's Child-Related Motion for "[n]oncompliance with [FLR 9]." (*Id*. at 20.) On January 5, 2024, Father filed a motion to correct errors in which he argued his statement of noncompliance with FLR 9 was sufficient to satisfy the requirements of FLR 9(C) and, thus, the trial court should reconsider its order striking that filing and, instead, schedule a hearing on Father's Child-Related Motion. On January 8, 2024, the trial court issued an order denying Father's motion to correct errors.

## Discussion and Decision

[5] As an initial matter, we note Mother did not file an appellee's brief. In such a case, we need not develop an argument for her "but instead will reverse the trial court's judgment if [the appellant's] brief presents a case of prima facie error." *In re Adoption of E.B.*, 163 N.E.3d 931, 935 (Ind. Ct. App. 2021) (citation and quotation marks omitted). Prima facie error means "at first sight, on first appearance, or on the face of it." *Jenkins v. Jenkins*, 17 N.E.3d 350, 352 (Ind.

Ct. App. 2014). "Still, we are obligated to correctly apply the law to the facts in the record to determine whether reversal is required." *Id.*

[6] Father appeals following the denial of his motion to correct error. Our standard of review for a trial court's ruling on a motion to correct error is well settled.

> We generally review a trial court's ruling on a motion to correct error for an abuse of discretion. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. However, where the issues raised in the motion are questions of law, the standard of review is de novo.

*Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017) (internal citations omitted). "Our review of the trial court's ruling on [a] motion to correct error necessarily involves review of the underlying order." *In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008). Here, that underlying order struck Father's Child-Related Motion for noncompliance with FLR 9. A trial court's striking of a motion is also reviewed for an abuse of discretion. *Williamson v. U.S. Bank Nat. Ass'n*, 55 N.E.3d 906, 911 (Ind. Ct. App. 2016).

[7] At issue is the meaning and application of a local rule promulgated by the Lake County judiciary. Indiana trial courts have the authority to establish local rules governing procedure in their courts as long as those local rules do not conflict with rules established by our Indiana Supreme Court or statute. *Gill v. Evansville Sheet Metal Works, Inc.*, 970 N.E.2d 633, 645-6 (Ind. 2012). The rules of statutory construction are applicable to the interpretation of trial rules.

*Carter-McMahon v. McMahon*, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004). "[O]ur objective when construing the meaning of a rule is to ascertain and give effect to the intent underlying the rule." *Id*. Rules are to be construed together and harmoniously whenever possible. *Id*. "Where a rule has not previously been construed, the express language of the rule controls the interpretation. If the language of the rule is clear and unambiguous, it is not subject to judicial interpretation." *Id*. (internal citation omitted).

[8] The trial court struck Father's Child-Related Motion for "[n]oncompliance with [FLR 9]." (App. Vol. 2 at 20.) That Rule states:

> A. Duties Regarding Consultation. Except in emergencies or when it might create a danger or substantial prejudice or is otherwise unreasonable to do so, counsel and pro se parties shall make a reasonable attempt to have a personal or telephonic consultation to resolve any issue before filing or seeking any other relief through the court. Counsel and pro se parties contacted for a consultation shall make themselves reasonably available for consultation. The duty of consultation shall be continuing.
>
> B. Substance of Consultation. In the consultation, counsel and pro se parties shall:
>
> > (1) attempt to resolve all matters at issue;

> (2) confirm the parties' compliance with FLR 5[3], FLR 6[4], FLR7[5] and FLR 8[6]; and,
>
> (3) discuss the resources they believe the parents could use to resolve current and future issues and to build cooperation, including any resources listed in Commentary E to FLR 8.
>
> C. Cooperation Update--Mandatory. All motions and pleadings other than the initial filings shall include a statement confirming compliance with items (1) through (3), above, including the date of the required personal or telephonic consultation; or, shall recite the specific reasons for the lack of a consultation.

FLR 9 (footnotes added).

[9] Father's Child-Related Motion explained:

> 1. That in accordance with [FLR 9], no attempts were made prior to the filing of this pleading in order to preserve [Father]'s right to retro-activity in accordance with established Indiana case law regarding child support modification matters. See *Taylor v.*

---

[3] FLR 5 requires all parties, with children under age 18, in dissolution, separation, and paternity actions to complete work on parenting websites and then exchange "Commitments" adopted during that work. Lake County Family Law Rule 5.

[4] FLR 6 requires parties with children under age 18 in dissolution or separation cases to attend a co-parenting class. Lake County Family Law Rule 6.

[5] FLR 7 requires parties to certify completion of the requirements of FLR 5 and FLR 6 within 60 days of the initial filing of a petition for dissolution or separation. Lake County Family Law Rule 7(A).

[6] FLR 8 encourages parents to reach an agreed parenting plan that provides more than the minimum time allowed under the Indiana Parenting Time Guidelines and, if agreement is not possible, requires parents to prepare and exchange written "Parenting Plan Proposals." Lake County Family Law Rule 8.

*Taylor*, 42 N.E.3d 981, 986 (Ind. App., 2015)[, *trans. denied*] and *Beehler v. Beehler*, 693 N.E.2d 638, 641 (Ind. Ct. App., 1998).

(App. Vol. II at 21) (errors in original). The page of *Taylor* to which Father cites contains a statement of law indicating the trial court has discretion to modify support back to the date the petition was filed, but not earlier than the petition was filed. *Taylor*, 42 N.E.3d at 986. His citation to *Beehler* is to our Court holding a trial court abused its discretion when it modified the support obligation for an eleven-week period that occurred prior to the filing of the petition to modify support. 693 N.E.2d at 641.

[10] The trial court found Father had not complied with FLR 9. However, Father's motion "recite[d] the specific reasons for the lack of a consultation." FLR 9(C). The plain meaning of that clause in FLR 9(C) is that there must be circumstances in which a party may file a motion without engaging in the consultation required by the other subsections of FLR 9. To determine what those circumstances are, we look to the other subjections of FLR 9. FLR 9(A) states the duty to consult does not apply "in emergencies or when it might create a danger or substantial prejudice or is otherwise unreasonable to do so." Construing the subsections of FLR 9 together, as we must when interpreting rules, *see Carter-McMahon*, 815 N.E.2d at 175, leads us to conclude a party can comply with FLR 9 without consulting with the opposing party, only if their "specific reasons for the lack of consultation" suggest an emergency or that consultation will create danger, substantial prejudice, or unreasonableness.

The remaining question is whether the reason that Father provided for not complying with FLR 9 met that standard. Father's Motion indicated he filed without consultation to preserve his "right to retro-activity[,]" (App. Vol. II at 21), and he provided citation to caselaw that demonstrated the date of filing of the motion determined the start date of any modification of child support. As Father asserts on appeal, delay in filing his Motion could lead to "substantial financial prejudice." (Br. of Appellant at 21.) Because the filing of a petition or motion controls the date when a child support modification may start, *Taylor*, 42 N.E.3d at 986, we agree that it is "unreasonable" to prohibit Father from filing his Child-Related Motion without first engaging in consultation.[7] *See* FLR 9(A).

While we appreciate and support trial court programs that encourage parties to communicate and cooperate to resolve disputes that might otherwise bring them to court, those programs ought not modify the date from which financial relief from a prior order can be provided. Father complied with the intent behind FLR 9 by explaining that he had not engaged in consultation because it would delay his right to retroactive child support. We therefore hold the trial

---

[7] We believe this to be especially true when, as here, the modifications being requested – child emancipation, child custody, and child support – cannot become legally binding without a new court order. *See*, *e.g.*, *In re Paternity of K.J.L.*, 725 N.E.2d 155, 158 (Ind. Ct. App. 2000 ("no agreement between parties that affects custody, regardless whether it is the first instance or upon modification, is automatically binding on the trial court"); *and see Nill v. Martin*, 686 N.E.2d 116, 117 (Ind. 1997) (agreement between parties modifying child support obligations has no legal effect until the original support order is modified by the trial court); *and see Ogle v. Ogle*, 769 N.E.2d 644, 647 (Ind. Ct. App. 2002) (agreement modifying the requirement that a party pay post-secondary education expenses is not binding until the trial court modifies the original support order), *trans. denied*.

court abused its discretion by striking Father's Child-Related Motion.[8]  We reverse and remand for Father's Child-Related Motion to be recorded as filed as of December 28, 2023.

## Conclusion

We hold the trial court erred when it issued an order to strike Father's Child Related Motion because Father complied with FLR 9.  Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Vaidik, J., and Kenworthy, J., concur.

ATTORNEYS FOR APPELLANT

Debra Lynch Dubovich
Levy & Dubovich
Merrillville, Indiana

George P. Galanos
Galanos Law
Crown Point, Indiana

---

[8] Father also argues FLR 9 violates Article 1, Section 12 of the Indiana Constitution, which in relevant part states: "All courts shall be open."  However, we "must refrain from deciding constitutional questions unless no non-constitutional grounds present themselves for resolving the case under consideration."  *PNC Bank, Nat'l Ass'n v. Page*, 186 N.E.3d 633, 639 (Ind. Ct. App. 2022) (quoting *Jones v. Jones*, 832 N.E.2d 1057, 1059 (Ind. Ct. App. 2005)).  As we resolve the case in Father's favor based on interpretation of the FLR 9, we refrain from addressing the constitutional question.