ATTORNEYS FOR APPELLANT
Craig R. Patterson
Andrea R. Dick
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
A. Dale Bloom
Jeremy J. Grogg
Fort Wayne, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 24 2008, 1:48 pm
CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 02S04-0803-CV-124

KIRK REUILLE,

*Appellant (Plaintiff Below),*

v.

E.E. BRANDENBERGER
CONSTRUCTION, INC.,

*Appellee (Defendant Below).*

_____

Appeal from the Allen Superior Court, No. 02D01-0210-PL-474
The Honorable Nancy Eshcoff Boyer, Judge
_____

On Petition To Transfer from the Indiana Court of Appeals, No. 02A04-0704-CV-186
_____

**June 24, 2008**

**Shepard, Chief Justice.**

The parties in this case entered into a construction contract providing that in the event of a legal dispute, the prevailing party would be entitled to reasonable costs and expenses, including attorney fees. The term "prevailing party" was not defined. We hold that in the absence of further definition, such a contract produces fees only when one party or the other wins a judgment.

## Facts and Procedural History

In 1997, Kirk Reuille and E.E. Brandenberger Construction, Inc. entered into an agreement for the construction of a new home. The contract contained the following provision: "In any action at law or in equity, including enforcement of an award from Dispute Resolution, or in any Dispute Resolution involving a claim of $5,000 or more, the prevailing party shall be entitled to reasonable costs and expenses, including attorney fees." (App. at 109.) The contract did not define "prevailing party."

In 2002, Reuille filed a complaint against Brandenberger, alleging breach of contract, breach of warranty, and negligence. Following mediation in 2005, the parties reached a settlement on all issues with the exception of fees, which was explicitly reserved for judicial resolution.

Reuille moved the trial court for costs and expenses, including attorney fees. After a hearing, the trial court ruled in favor of Brandenberger, finding that Reuille was not a "prevailing party." The Court of Appeals affirmed. Reuille v. E.E. Brandenberger Constr., Inc., 873 N.E.2d 116 (Ind. Ct. App. 2007). We granted transfer.[1]

## Is a Party Who Settles a Claim by Mediation a "Prevailing Party"?

Parties to litigation generally pay their own attorney fees, but may certainly agree by contract to do otherwise. Carter-McMahon v. McMahon, 815 N.E.2d 170 (Ind. Ct. App. 2004). In this case, the parties' contract provides that "the prevailing party shall be entitled to reasonable costs and expenses, including attorney fees." (App. at 109.) Reuille argues that he is entitled to fees as a prevailing party because he received all of the relief he demanded in his complaint and was able to completely repair his home from the proceeds. Conversely,

---

[1] On appeal, Reuille also argued that the trial court erred by treating his motion for attorney fees as one for summary judgment. (Appellant's Br. at 18-20.) We summarily affirm the disposition of this issue as made by the Court of Appeals. Ind. Appellate Rule 58(A).

Brandenberger contends that Reuille is not a prevailing party under the contract because he did not receive a judgment. The issue is thus one of contract interpretation.

The goal of contract interpretation is to ascertain and give effect to the parties' intent as reasonably manifested by the language of the agreement. First Fed. Sav. Bank of Ind. v. Key Mkts., Inc., 559 N.E.2d 600 (Ind. 1990). "[I]f the language is clear and unambiguous, it must be given its plain and ordinary meaning." Cabanaw v. Cabanaw, 648 N.E.2d 694, 697 (Ind. Ct. App. 1995). When parties have executed a contractual provision agreeing to pay attorney fees, such agreement is enforceable according to its terms unless the contract is contrary to law or public policy. Carter-McMahon, 815 N.E.2d at 178.

As the contract at issue does not define the term "prevailing party," we will turn to sources that reflect the ordinary meaning of the term at the time the contract was executed. At the time of contract execution, Black's Law Dictionary defined "prevailing party" as:

> The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered.

Black's Law Dictionary 1188 (6th ed. 1990). This definition appears to contemplate a trial on the merits and entry of a favorable judgment in order to obtain prevailing party status.

Several Indiana court decisions issued shortly before the parties executed their contract corroborate this approach. See Heritage House of Salem, Inc. v. Bailey, 652 N.E.2d 69, 79-80 (Ind. Ct. App. 1995) (plaintiff is not a prevailing party where it obtained a preliminary injunction but where judgment ultimately was rendered for the defendant); State Wide Aluminum, Inc. v. Postle Distribs., Inc., 626 N.E.2d 511, 516-17 (Ind. Ct. App. 1993) (State Wide is not a prevailing party under § 34-1-32-1(b) (now § 34-52-1-1) because it did not receive a judgment); State ex rel. Prosser v. Ind. Waste Sys., Inc., 603 N.E.2d 181, 189 (Ind. Ct. App. 1992) (a

favorable ruling on a motion is not a judgment allowing the recovery of costs as a prevailing party).[2]

Furthermore, it seems unlikely that parties entering into a contract would intend for a settlement reached during mediation to result in either party obtaining prevailing party status. One of the purposes of mediation is to provide an atmosphere in which neither party feels that he or she has "lost" or "won" a case. Mediation is meant to remove some of the contentiousness of formal litigation in order to facilitate the negotiation process.

To be sure, contracting parties can readily agree to fee-shifting arrangements that are more prescriptive than the one before us. Examples abound in ordinary sources such as form books. One such example reads, "The term 'prevailing party' shall include, but not be limited to, a party who obtains legal counsel or brings an action against the other by reason of the other's breach or default and obtains substantially the relief sought whether by compromise, settlement, or judgment." Clark A. Nichols, Nichols Cyclopedia of Legal Forms Annotated § 3:220 (rev. vol. 2005). Another formulation stipulates: "'Prevailing party' . . . shall include, but is not limited to, a party who dismisses an action for recovery under this lease in exchange for payment of the sums allegedly due, performance of covenants allegedly breached, or consideration substantially equal to the relief sought in the action." 20A Am. Jur. 2d Legal Forms § 265:11 (2008).

The agreement before us today, of course, is a straightforward and unadorned version. Aside from the dictionary and case law on which we rely, it seems apparent that the bright line approach these represent is the best for most litigants. The worst approach would be one in which "prevailing party" is treated with ambiguity or discretion, provoking litigation about who won the litigation, in addition to litigation over the appropriate amount of fees.

---

[2] Reuille contends that in 1997 Indiana followed the catalyst theory, which generally provides that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct. (Appellant's Br. at 13.) However, the cases Reuille relies on were federal cases that were not binding precedent (or cases like Indiana State Board of Public Welfare v. Tioga Pines Living Center, Inc., 622 N.E.2d 935, 946-47 (Ind. 1993), involving federal statutory provisions). The opinions referenced in the preceding paragraph suggest that Indiana had not adopted the catalyst theory in 1997.

## Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.