# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 17 2016, 9:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana

ATTORNEY FOR APPELLEES

Michael A. Barranda
Burt, Blee, Dixon, Sutton &
Bloom, LLP
Fort Wayne, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaron and Stephanie Muir, *Appellants-Defendants,* <br><br> v. <br><br> Matthew and Tara McWilliams, *Appellees-Plaintiffs.* | November 17, 2016 <br><br> Court of Appeals Case No. 02A04-1605-PL-1247 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Craig J. Bobay, Judge <br><br> Trial Court Cause No. 02D02-1305-PL-178 |

**Kirsch, Judge.**

[1] Aaron and Stephanie Muir ("the Muirs") appeal the trial court's order denying their motion for summary judgment, granting summary judgment in favor of Matthew and Tara McWilliams ("the McWilliamses"), and finding that the

Muirs were not entitled to attorney fees. The Muirs raise one issues on appeal, which we restate as: whether the trial court erred when it determined that the Muirs were not a "prevailing party" in an underlying claim by the McWilliamses when the McWilliamses' claim was dismissed as a result of a discharge in bankruptcy.

We affirm.

## Facts and Procedural History

In August 2011, the Muirs entered into a Purchase Agreement with the McWilliamses for the purchase of the Muirs' home in Fort Wayne, Indiana. In April 2012, after the sale of the home, the Muirs filed for Chapter 7 Bankruptcy and received a discharge of their debts in July 2012. On May 10, 2013, the McWilliamses filed the underlying cause of action in the Allen Superior Court against the Muirs for actual fraud, constructive fraud, and criminal deception due to alleged false and misleading statements regarding the condition of the home made on the Sellers' Real Estate Disclosure Form ("Disclosure Form").

After the Muirs were notified of the complaint, they reopened their bankruptcy and added the McWilliamses as a creditor. The Muirs also filed a counterclaim against the McWilliamses, asserting that they violated the post-bankruptcy discharge injunction by filing the fraud action and asserting a claim for attorney fees pursuant to Paragraph 21 of the Purchase Agreement, which stated: "ATTORNEY'S FEES: Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under

or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party." *Appellant's App*. at 57. The Muirs requested that the Bankruptcy Court stay the proceedings in the case filed in Allen Superior Court, which the Bankruptcy Court denied, reasoning that the Allen Superior Court had concurrent jurisdiction to determine dischargeability of the debt potentially owed to the McWilliamses. The Muirs appealed this denial of their motion to stay, and the United States District Court ("the District Court") reversed the Bankruptcy Court's decision, holding that the Bankruptcy Court had exclusive jurisdiction to determine dischargeability of the McWilliamses' claim. Based on this ruling, the claims brought by the McWilliamses in the Allen Superior Court were dismissed. The Bankruptcy Court subsequently discharged the debt owed by the Muirs to the McWilliamses and deferred a determination of the Muirs' counterclaim for attorney fees to the Allen Superior Court.

[5] After the resolution of the bankruptcy proceedings, the Muirs filed a motion for summary judgment with the Allen Superior Court, claiming they were the "prevailing party" in the action filed by the McWilliamses and that the Muirs were, therefore, entitled to attorney fees. The McWilliamses filed a cross-motion for summary judgment, which was later stricken as being untimely. A hearing was held on the Muirs' summary judgment motion, where two issues were argued: whether an action based on the Disclosure Form was "related to" the Purchase Agreement; and whether the Muirs were a "prevailing party" in the litigation and, therefore, entitled to attorney fees pursuant to Paragraph 21

of the Purchase Agreement. At the conclusion of the hearing, the trial court issued an order denying the Muirs' motion for summary judgment and granting summary judgment in favor of the McWilliamses. In making this determination, the trial court concluded that an action based on the Disclosure Form was related to the Purchase Agreement, and thus, if a party prevailed on an action on the Disclosure Form, it would be entitled to attorney fees; however, the trial court concluded that the Muirs were not a "prevailing party" in the litigation and were not entitled to attorney fees. The Muirs now appeal.

## Discussion and Decision

[6] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.,* 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied.* We stand in the shoes of the trial court and apply a *de novo* standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-

moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

[7] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM,* 973 N.E.2d at 1173. Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

[8] The Muirs argue that the trial court erred in denying their motion for summary judgment and granting summary judgment in favor of the McWilliamses. Specifically, the Muirs contend that the trial court erred when it determined that they were not a "prevailing party" and were, therefore, not entitled to attorney fees under Paragraph 21 of the Purchase Agreement. The Muirs assert that they were a "prevailing party" because they successfully defended against all claims brought by the McWilliamses, including a dismissal with prejudice of the McWilliamses' complaint by the trial court. The Muirs claim that this dismissal ensured that the McWilliamses can no longer pursue a claim against

the Muirs, which made the Muirs a "prevailing party." Because the trial court's grant of their motion to dismiss disposed of the case in its entirety, the Muirs maintain that they were the "prevailing party" in the litigation related to the Purchase Agreement, and the trial court acted in error when it denied their motion for summary judgment.

[9] Here, the McWilliamses filed a complaint against the Muirs alleging fraud regarding statements on the Disclosure Form. Before any evidence was heard in the trial court, the District Court determined that the Bankruptcy Court had exclusive jurisdiction to determine dischargeability of the McWilliamses' claim. Based on this ruling, the McWilliamses' claims brought in the trial court were subsequently dismissed. Therefore, the merits of the McWilliamses' claims against the Muirs were never heard by the trial court, and judgment was never entered.

[10] Paragraph 21 of the Purchase Agreement provides: "ATTORNEY'S FEES: Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party." *Appellant's App.* at 57. Therefore, in order to recover attorney fees from the McWilliamses, the Muirs must have been a "prevailing party" in the litigation with the McWilliamses. The term "prevailing party" was not defined in the Purchase Agreement.

In *Reuille v. Brandenberger*, 888 N.E.2d 770 (Ind. 2008), the parties entered into a contract for the construction of a new home, which provided that: "In any action at law or equity, including enforcement of an award from Dispute Resolution, or in any Dispute Resolution involving a claim of $5,000 or more, the prevailing party shall be entitled to reasonable costs and expenses, including attorney fees"; however, the contract did not define "prevailing party." *Id*. at 771. Reuille brought a cause of action against Brandenberger, which was subsequently settled after mediation, and Reuille requested attorney fees as a result of the settlement. *Id*. Reuille argued that he was entitled to attorney fees because in the mediated settlement, he received all of the relief he demanded in his complaint; Brandenberger contended that Reuille was not a "prevailing party" under the contract because he did not receive a judgment. *Id*. Because the term "prevailing party," was not defined in the contract, our Supreme Court turned to the ordinary meaning of the term at the time the contract was executed. *Id*. The term "prevailing party was defined in Black's Law Dictionary as: "The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment is entered." *Id*. Our Supreme Court concluded that "[t]his definition appears to contemplate *a trial on the merits and entry of a favorable judgment* in order to obtain prevailing party status." *Id*. at 771-72 (emphasis added).

[12] As our Supreme Court held in *Reuille*, when a contract does not contain a definition for the term "prevailing party," we must turn to the ordinary meaning of such term "*at the time the contract was executed*." *Id*. at 771 (emphasis added). Here, the Purchase Agreement did not contain a definition for "prevailing party." Therefore, we must define the term using the ordinary meaning at the time the Purchase Agreement was signed, which was August 2011. At the time the Purchase Agreement was signed, Black's Law Dictionary defined "prevailing party" as: "A party in whose favor a judgment is rendered, regardless of the amount of damages." *Prevailing Party*, Black's Law Dictionary (9th ed. 2009).

[13] The Muirs contend that they meet the definition of a "prevailing party" both because they successfully defended against the claims by the McWilliamses and because the trial court entered judgment in their favor when it dismissed the McWilliamses' claims with prejudice. We disagree. During the trial court proceedings, the McWilliamses' claims were never decided on the merits. Rather, after the McWilliamses filed their complaint, due to the fact that the Muirs had filed bankruptcy, the McWilliamses' claims were eventually discharged in the Bankruptcy Court and dismissed by the trial court. Thus, the trial court never heard the merits of the claims filed by the McWilliamses, and no judgment was entered in favor of the Muirs on the merits of the original action filed by the McWilliamses. Instead, the claims by the McWilliamses were discharged and dismissed due to the Muirs' bankruptcy filing. We, therefore, conclude that the Muirs were not a "prevailing party" in the litigation

at the trial court because no judgment was rendered in their favor, and they were not entitled to attorney fees pursuant to the Purchase Agreement. The trial court did not err in denying the Muirs' motion for summary judgment and in granting summary judgment in favor of the McWilliamses.[1]

[14] Affirmed.

May, J., and Crone, J., concur.

---

[1] The McWilliamses did not file their claims before the Bankruptcy Court closed the Muirs' bankruptcy and discharged all of their debts known at that time. The McWilliamses were added as creditors to the previously-closed bankruptcy after they had filed their claim in the Allen Superior Court. A different result from the one reached in the present case may have occurred if the McWilliamses' claims had been included in the bankruptcy proceedings prior to closing of the proceedings because the Bankruptcy Court would have been required to determine the merits of the McWilliamses' fraud claims in order to place the debt in the proper priority order for discharge under the bankruptcy.