# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2018, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

William A. Ramsey
Mark H. Bains
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Heidi K. Koeneman
Beckman Lawson, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Glenn P. Staller and Glenda W. Staller,

*Appellants-Defendants/Counterclaimants,*

v.

Chunae Gallagher,

*Appellee-Plaintiff/Counterclaim Defendant*

June 28, 2018

Court of Appeals Case No. 18A-PL-20

Appeal from the Allen Superior Court

The Honorable David J. Avery, Judge

Trial Court Cause No. 02D09-1606-PL-281

**Crone, Judge.**

# Case Summary

Glenn P. Staller and Glenda W. Staller ("Sellers") sold their home to Chunae Gallagher ("Buyer") pursuant to a real estate purchase agreement ("the Purchase Agreement"). Two years later, Buyer sued Sellers for fraud alleging that, at the time they signed a residential real estate sales disclosure form ("the Disclosure Form") which was provided to Buyer from Sellers as part of the sale process, Sellers knowing and intentionally concealed the fact that the roof system was defective and that the residence had major structural defects, mold, moisture, and water problems. Sellers counterclaimed against Buyer asserting their entitlement, pursuant to a contractual provision in the Purchase Agreement, to recover attorney's fees in the event they were the prevailing party on Buyer's fraud claim. Following a bench trial, the trial court entered judgment in favor of Sellers on Buyer's fraud claim but against Sellers on their counterclaim for attorney's fees. Sellers appeal only the trial court's judgment on their counterclaim arguing that the trial court erred in concluding that they were not entitled to recover their attorney's fees. Concluding that Sellers are indeed entitled to recover attorney's fees, we reverse and remand.

# Facts and Procedural History

Sellers sold their home to Buyer on June 20, 2014, pursuant to the Purchase Agreement. The Purchase Agreement includes a clause which states,

> Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be

additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party.

Defendants' Ex. A at 5. As part of the sale process, Sellers provided Buyer with the Disclosure Form. On the Disclosure Form, Sellers stated that to the best of their then-current actual knowledge, the home had no mold problem. The Sellers disclosed that the roof did leak, that there was roof damage, and that the skylights leaked periodically. Buyer had an inspection performed and the inspection revealed no mold.

[3] During the summer of 2016, Buyer discovered mold in the home. On June 14, 2016, Buyer filed a complaint against Sellers alleging that they fraudulently misrepresented the condition of the home they sold to Buyer with respect to the roof condition, structural defects, mold, and water damage. Sellers filed their answer, affirmative defenses, and counterclaim for attorney's fees. A bench trial was held on August 9, 2017. The trial court subsequently entered judgment in favor of Sellers on Buyer's fraud claim but denied Sellers's counterclaim for attorney's fees. Sellers filed a motion to correct error alleging that the trial court erred in denying their request for attorney's fees and, following a hearing, the trial court issued an order denying the motion to correct error. This appeal ensued.

## Discussion and Decision

[4] Sellers' claim for attorney's fees is based on a provision contained in a contract between the parties. While parties to litigation generally pay their own

attorney's fees, they may certainly agree by contract to do otherwise. *Reuille v. E.E. Brandenberger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). Indeed, "when parties have executed a contractual provision agreeing to pay attorney fees, such agreement is enforceable according to its terms unless the contract is contrary to law or public policy." *Id.*

[5] Interpretation of a contract presents a question of law and is reviewed on appeal de novo. *King v. Conley*, 87 N.E.3d 1146, 1152 (Ind. Ct. App. 2017), *trans. denied* (2018). When interpreting a contract, our paramount goal is to ascertain and effectuate the intent of the parties. *Id.* This requires the contract to be read as a whole, and the language construed so as not to render any words, phrases, or terms ineffective or meaningless. *Id.* When the terms of the contract are not ambiguous, we will give them their plain and ordinary meaning. *Shorter v. Shorter*, 851 N.E.2d 378, 383 (Ind. Ct. App. 2006).

[6] As noted above, the Purchase Agreement between Buyer and Sellers includes a clause which states,

> Any party to this Agreement who is the prevailing party in any legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction shall be additionally entitled to recover court costs and reasonable attorney's fees from the non-prevailing party.

[7] Defendants' Ex. A at 5. Thus, this provision applies to "any legal or equitable proceeding" between the parties "brought under or *with relation to* the Agreement or *transaction*." *Id.* (emphases added).

[8] In *Storch v. Provision Living, LLC*, 47 N.E.3d 1270, 1274, (Ind. Ct. App. 2015), this Court considered the plain meaning of the word "relate" in the context of an attorney fee provision in a residence agreement between an assisted living facility and one of its residents.[1] Consulting a modern dictionary, we stated that "two things 'relate' if they simply 'have relationship or connection.'" *Id.* (citation omitted); *see UFG, LLC v. Southwest Corp.*, 784 N.E.2d 536, 545 (Ind. Ct. App. 2003) (courts may properly consult English language dictionaries to determine plain and ordinary meaning of words), *trans. denied*. We acknowledged that "this definition is clearly very broad, but parties have the right to contract in broad terms if they wish." *Id.* Looking to other states for guidance, we observed that appellate courts in Colorado have had occasion to define "relate" in the attorney fee context and have chosen to do so in a similarly broad fashion, holding that such language "encompass[es] all issues surrounding the underlying subject matter." *Id.* at 1275 (quoting *In re Estate of Gattis*, 318 P.3d 549, 558 (Colo. App. 2013)).

[9] Accordingly, in this case, the plain meaning of the phrase "with relation to" would seem to encompass all issues surrounding the underlying subject matter of the Purchase Agreement, that being Sellers' home. As for the word "transaction," it is broadly defined as "an exchange or transfer of goods, services, or funds." MERRIAM–WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/transaction (last visited June

---

[1] We note that the term "relation" used here is simply the noun form of the verb "relate."

13, 2018). In the present context, the transaction that occurred is the sale and transfer of Sellers' home to Buyer.

[10] Despite the broad language used, the trial court concluded that Buyer's fraud claim was not a "legal or equitable proceeding against any other party brought under or with relation to the Agreement or transaction" as contemplated by the Purchase Agreement. Appellants' App. Vol. 2 at 18. It appears that the court essentially determined that Sellers could not recover attorney's fees under the terms of the Purchase Agreement because Buyer's claim was one for fraud as opposed to one for breach of contract. However, based on the plain meaning of the language used, it is patently clear that the parties intended that the attorney fee provision apply to much more than a breach of contract claim brought under the Purchase Agreement.

[11] Indeed, had the parties intended the attorney fee provision to apply only to claims of breach of the Agreement itself, the contract could have provided fees simply to the prevailing party "in any action brought to enforce this [A]greement." *See Storch*, 47 N.E.3d at 1273. [2] "Such language is commonly

---

[2] On Sellers' motion to correct error, the trial court considered our opinion in *Storch* but found it distinguishable and inapplicable because the residence agreement at issue in *Storch* was an executory contract as opposed to an executed contract, such as the Purchase Agreement in the present case. *See generally 2625 Bldg. Corp. v. Deutsch*, 179 Ind. App. 425, 428, 385 N.E.2d 1189, 1191 (1979) (noting that an executory contract is "one in which a party binds himself to do or not do a particular thing" and an executed contract is "one in which the object of the agreement is performed and everything that was to be done is done.") (citation omitted). However, this Court made no mention of the executory or executed nature of the agreement in *Storch*, nor did we assign any relevance to that issue in our contract interpretation. We find the *Storch* reasoning applicable and instructive, and we disagree with the trial court that the fact that the Purchase Agreement here is an executed contract has any bearing on the rights or obligations bestowed to the parties pursuant to the plain meaning of the contract's terms.

found in attorney fee provisions." *Id*. (citing *Kuntz v. EVI, LLC*, 999 N.E.2d 425, 433 (Ind. Ct. App. 2013). The attorney fee provision here goes much further, covering not only actions brought "under the Agreement," but also actions brought "with relation to" the Agreement or the "transaction." Defendants' Ex. A at 5. Were we to adopt the trial court's narrow interpretation, these latter terms and phrases would be rendered meaningless. As we are compelled to avoid such outcomes, we must conclude that the plain language of the provision contemplates more than actions for breach of the Purchase Agreement. Buyer's fraud claim was unquestionably brought "with relation to" the sale "transaction," and therefore, as the prevailing party, Sellers are entitled to recover court costs and reasonable attorney's fees from Buyer.

[12] We are not persuaded by Buyer's argument that the fraud claim is somehow outside the purview of the attorney fee provision of the Purchase Agreement simply because it was based on Sellers' alleged misrepresentations on the Disclosure Form, and the Disclosure Form expressly provides that it "is not intended to be part of any contract between buyer and owner." Plaintiff's Ex. 1. Buyer argues that we are precluded from making any finding "that would tie" a fraud claim based on the Disclosure Form to the "subsequently entered into" Purchase Agreement. Appellee's Br. at 10. However, it cannot reasonably be argued that Sellers provided Buyer the Disclosure Form for any purpose other than as part of the sale process. Although the Disclosure Form was not made part of the Purchase Agreement itself, to say that the Disclosure Form does not relate to the Agreement or the sale transaction is nonsensical.

[13]     The trial court erred in concluding that Sellers were not entitled to recover their attorney's fees pursuant to the Purchase Agreement.  Accordingly, we reverse the trial court's judgment on Sellers' counterclaim and remand so that the trial court may calculate reasonable attorney's fees and award those fees to Sellers.

[14]     Reversed and remanded.

Bailey, J., and Brown, J., concur.