Section 2 - Any error in the admission of evidence was harmless.
[13] M.R. maintains that the trial court abused its discretion in admitting certain hearsay evidence during the hearing.[1] Specifically, he argues that, over his objections, the trial court improperly allowed B.C. to testify regarding statements made by L.M. about how L.M. felt about M.R.[2] Our standard of review of a trial court's admission of evidence is an abuse of discretion.
*225 In re Des.B. , 2 N.E.3d 828, 834 (Ind. Ct. App. 2014). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id. However, it is well established that errors in the admission of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party. Id. "To determine whether the admission of evidence affected a party's substantial rights, we assess the probable impact of the evidence upon the finder of fact." Id.
[14] Upon review of the record, we conclude that any error in the admission of the hearsay evidence in question was harmless. In issuing the protective order, the trial court focused on M.R.'s harassment of B.C., and how that caused her to feel intimidated and threatened. The trial court made it abundantly clear that the order is intended to protect B.C., and not L.M., from M.R. Indeed, although the order prohibits M.R. from contacting or communicating with B.C., the language of the order permits M.R. some contact with L.M. Accordingly, we are confident that B.C.'s testimony regarding L.M.'s statements did not impact the trial court's decision to issue the protective order in this case, and therefore, any erroneous admission of evidence did not affect M.R.'s substantial rights. The trial court's protective order is affirmed.
[15] Affirmed.
Vaidik, C.J., concurs.
Mathias, J., concurs in result with opinion.
Mathias, Judge, concurring in result.
[16] I concur with the result in this case but write separately to comment on the admissibility of hearsay in civil protection order proceedings.
[17] First, I observe that due to serious and immediate concerns for his or her safety, a petitioner may request an ex parte order of protection. See Ind. Code § 34-26-5-9(f). Petitioners are also frequently unrepresented by counsel. For these reasons, we may reasonably assume that in ex parte proceedings courts frequently rely on hearsay to determine whether an ex parte protective order should be issued.
[18] In addition, petitions for civil orders of protection may be heard in any court of record, including small claims courts.[3] See Ind. Code § 34-26-5-4. The rules of evidence generally do not apply to proceedings in small claims courts. Our court has specifically held that hearsay is admissible in protection order proceedings adjudicated in small claims court, and that the small claims court's judgment may be supported solely by hearsay evidence. See Rzeszutek et al. v. Beck , 649 N.E.2d 673, 681 (Ind. Ct. App. 1995), trans. denied (concluding that a protective order entered by small claims court could be based solely on hearsay evidence). See also Matusky v. Sheffield Square Apartments, 654 N.E.2d 740, 742 (Ind. 1995) ; Hitchens v. Collection Specialists, Inc. , 5 N.E.3d 418, 423 (Ind. Ct. App. 2014) (reaffirming the principle that hearsay is admissible in small claims proceedings).
[19] However, where the petition for the protective order is filed in superior or circuit court, as is the case here, our court has held that a trial court errs when it grants a petition for an order of protection based on the petitioner's hearsay *226 statements.[4] See Barger v. Barger , 887 N.E.2d 990, 993-94 (Ind. Ct. App. 2008). The Barger court also noted the "significant ramifications of an improperly granted protective order" including that violating a protective order is "punishable by confinement in jail, prison, and/or a fine." See id. (quoting Ind. Code § 34-26-5-3 ) ). It is notable that in rural counties, only superior and circuit courts are available for protective order petitions, whether or not the respective court(s) choose to hear them on their small claims dockets.
[20] In sum, hearsay may support the trial court's adjudication of a petition for an ex parte order of protection in general, and on a petition for a permanent order of protection when the petition is filed in small claims court. However, a party who files his or her petition in superior or circuit court must proceed under a different and more complex evidentiary standard. One evidentiary standard should apply in all protective order proceedings regardless of the judicial forum. I therefore urge our supreme court to address this inconsistency through a modification of applicable rules.
Order
[1] Appellant, by counsel, has filed a Motion to Publish.
[2] Having reviewed the matter, the Court finds and orders as follows:
1. The Appellant's Motion to Publish is granted.
2. This Court's opinion heretofore handed down in this cause on February 21, 2019, marked Memorandum Decision, is now ordered published.
3. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
[3] Ordered 2/28/2019.
[4] Vaidik, C.J., Mathias, Crone, JJ., concur.

Hearsay is defined as "a statement that: (1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c).

We note that B.C. appeared pro se at the hearing, and the trial court, in its discretion, allowed her considerable procedural leeway in the presentation of her case.

Until July 1, 2018, the Marion County Small Claims court was not a court of record. See Ind. Code § 33-34-1-3.

The Protection Order Deskbook instructs judges that the rules of evidence apply to protective order proceedings. Protection Order Deskbook, Indiana Judicial Center, p. 4-7 (Nov. 2010).