# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 27 2019, 9:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kathleen M. Meek
Romy N. Elswerky
Justin T. Bowen
Bowen & Associates, LLC
Carmel, Indiana

ATTORNEYS FOR AMICI CURIAE

COUNSEL FOR AMICI CURIAE
NATIONAL FEDERATION OF THE
BLIND AND NATIONAL FEDERATION
OF THE BLIND OF INDIANA

Sharon Krevor-Weisbaum
Emily L. Levenson
Brown, Goldstein & Levy, LLP
Baltimore, Maryland

COUNSEL FOR AMICUS CURIAE
INDIANA DISABILITY RIGHTS

Thomas E. Crishon
Indiana Disability Rights
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| J.S., | August 27, 2019 |
|---|---|
| *Appellant-Petitioner,* | Court of Appeals Case No. 19A-DC-580 |
| v. | Appeal from the Morgan Circuit Court |
| W.S., | The Honorable Matthew G. Hanson, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 55C01-1809-DC-1731 |

**Crone, Judge.**

# Case Summary

J.S. ("Mother") appeals the trial court's decree which dissolved her marriage to W.S. ("Father"). Mother contends that the trial court abused its discretion in awarding sole physical custody of the parties' minor daughter, A.S., to Father based in large part upon an allegedly erroneous finding regarding Mother's blindness disability. Mother also asserts that the trial court abused its discretion in declining to award child support and in denying her request for spousal maintenance. Concluding that the trial court indeed made an erroneous finding regarding Mother's disability, and as it is unclear whether the trial court would have awarded Father sole physical custody of A.S. absent that erroneous

finding, we reverse and remand on the issue of child custody. Because the child support and spousal maintenance issues are integrally tied to child custody in this case, these issues should be also reconsidered upon remand accordingly.

## Facts and Procedural History

[2] A.S. was born to Mother and Father on June 29, 2013. Mother and Father subsequently married on September 29, 2013.[1] At times during the marriage when both parties worked outside the home, Mother's parents, A.S.'s maternal grandparents, provided the majority of the childcare for A.S.

[3] In July 2015, Mother became ill and was later diagnosed with pseudotumor cerebri. This condition rendered Mother legally blind. Following her diagnosis, Mother ceased working and became a stay-at-home mom and the primary caretaker for A.S. In 2016, Mother began receiving Social Security Disability and Supplemental Security Income based upon a finding that she was unable to work due to her disability.

[4] The parties eventually separated, and Mother filed a dissolution of marriage petition on September 10, 2018. Following a preliminary hearing, the trial court entered a preliminary order awarding the parties joint physical and legal custody of A.S. and ordering Father to pay Mother child support in the amount of $32 per week. At the time, Mother resided with her parents, and Father

---

[1] Although A.S. was born before the parties were married, they agree that she should be considered a child of the marriage.

resided with his father and stepmother in residences approximately eight to ten miles apart. The trial court held a final hearing on February 20, 2019, and entered a dissolution decree that same day. In the decree, the court sua sponte made the following relevant findings of fact regarding child custody:[2]

> 12) The child is a female and is five (5) years of age.
>
> 13) Mother wishes to have full physical and legal custody of the child.
>
> 14) Father wishes to have full physical and legal custody of the child.
>
> 15) The court did not hear from the child and her opinion, at this age, would be of no value.
>
> ….
>
> 20) [T]he court will find [that] Father has a good relationship with the child.
>
> ….
>
> 22) [T]he court will find [that] Mother has a good relationship with the child.
>
> 23) The court heard minimal evidence about other parties around the child but since no concerns were raised the court must find that all relationships with other family members are good ones.

---

[2] We replace the trial court's references to "the wife" and "the husband" with "Mother" and "Father."

24) At this time the parties live very close to one another and the school the child attends actually has bus routes to both parents' homes.

25) The child is familiar with both homes in which the parents now live.

26) That both Mother and Father live with their parents so while living situations could change, they would change for both parties if/when they move out to find their own homes.

27) That the child is familiar with the community she is in as well.

….

33) Mother has a physical disability that essentially makes her legally blind.

34) That Mother is currently in [vocational] rehabilitation to figure out how to be on her own and also be able to go back to some sort of work.

35) That this disability was not in place prior to her marriage and only developed in the past few years.

36) This disability affects Mother's ability to drive, work (at this time) and even to do daily things such as walking up stairs she is unfamiliar with.

37) Mother does have some support systems in place with her family, however the physical disability could present issues with the safety and security of the child.

….

40) There is no evidence that the child has been cared for by a de

facto custodian.

41) It is relevant that Father works during the days and Mother does not at this time, however, like Mother, has family in place to aid with custody.

42) Likewise, it is believed [that] Mother will be working within the next six months to [a] year.

43) After considering the factors for custody the court could have been convinced to continue joint physical custody of this child had either party requested it.

44) However, in light of the positions of both parties, joint physical custody at this time is not likely to work.

45) Therefore, taking into account the factors … and in consideration of the best interests of the child, the court will find that Father shall have full physical custody of the child.

Appealed Order at 1-4.

[5] Mother was granted parenting time with A.S. in accordance with the Indiana Parenting Time Guidelines, subject to the addition of one overnight per week, and the order provided that Mother could provide daycare for A.S. during the summer while Father is working. Despite some communication issues between the parties, the court ordered that the parties would continue having joint legal custody of A.S. as provided in the preliminary order. The trial court declined to award any child support and further denied Mother's request for incapacity spousal maintenance. This appeal ensued. We will provide additional facts in our discussion where necessary.

# Discussion and Decision

[6] We begin by noting that Father has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *M.R. v. B.C.*, 120 N.E.3d 220, 223 (Ind. Ct. App. 2019). Thus, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id*. This rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id*. In any event, we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id*.

[7] The trial court here entered findings and conclusions in support of its dissolution decree. It does not appear from the record that either party requested such findings. When the trial court enters findings sua sponte, the specific findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not found. *Montgomery v. Montgomery*, 59 N.E.3d 343, 349 (Ind. Ct. App. 2016), *trans. denied* (2017). The specific findings will not be set aside unless they are clearly erroneous. *Collyear-Bell v. Bell*, 105 N.E.3d 176, 184 (Ind. Ct. App. 2018). A finding is clearly erroneous when there are no facts or inferences drawn therefrom that support it. *Id*. In reviewing the trial court's findings, we neither reweigh the evidence nor judge the credibility of the witnesses. *Id*. Clear error

is "that which leaves us with a definite and firm conviction that a mistake has been made." *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

## Section 1 – Mother has established prima facie error regarding the trial court's physical custody decision.

Mother asserts that the trial court abused its discretion in awarding Father sole physical custody of A.S. Specifically, Mother asserts that the trial court's decision was based, in large part, on a clearly erroneous finding of fact that improperly presumed that her disability could present a safety and security risk to A.S. We agree with Mother.

Our standard of review of initial child custody determinations is well settled. Determinations regarding child custody fall within the trial court's sound discretion. *Swadner v. Swadner*, 897 N.E.2d 966, 974 (Ind. Ct. App. 2008). In an initial custody determination, both parents are presumed equally entitled to custody. *Hamilton v. Hamilton*, 103 N.E.3d 690, 694 (Ind. Ct. App. 2018), *trans. denied*. The trial court shall determine custody and enter a custody order in accordance with the best interests of the child by considering all relevant factors, including:

> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>    (A) the child's parent or parents;
>    (B) the child's sibling; and
>    (C) any other person who may significantly affect the child's

best interests.
(5) The child's adjustment to the child's:
  (A) home;
  (B) school; and
  (C) community.
(6) The mental and physical health of all individuals involved.
(7) Evidence of a pattern of domestic or family violence by either parent.
(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8. In deference to the trial court's proximity to the issues, we do not reweigh the evidence or determine the credibility of witnesses. *Hughes v. Rogusta*, 830 N.E.2d 898, 902 (Ind. Ct. App. 2005). Instead, we consider the evidence most favorable to the judgment, with all reasonable inferences drawn in favor of the judgment. *Id.* We will affirm the trial court's custody determination absent an abuse of discretion. *Swadner*, 897 N.E.2d at 974.

[10] Here, in considering factors (1) through (5) and factors (7)[3] and (8), the trial court specifically found that either those factors did not apply under the circumstances presented or that Mother and Father were essentially on equal footing when it came to physical custody and the best interests of A.S.

---

[3] Although the trial court noted one prior domestic violence incident between Mother and Father where Mother was charged but able to avoid prosecution by participating in a diversion program, *see* Appealed Order ¶ 38, the trial court made no finding regarding "a pattern of domestic or family violence by either parent" as there was no evidence presented of such a pattern.

However, in considering factor (6), the mental and physical health of all individuals involved, the trial court found in relevant part:

> 33) Mother has a physical disability that essentially makes her legally blind.
>
> ….
>
> 37) Mother does have some support systems in place with her family, however the physical disability could present issues with the safety and security of the child.

Appealed Order at 3-4.

[11] Upon review of the record, we agree with Mother that there is no evidence to support Finding 37. There was minimal evidence presented as to the onset of Mother's disability as well as general testimony regarding her progress and adaptations to manage her disability and to eventually become employable. As for the safety and security of A.S., Mother and Father each testified and agreed that there were absolutely no safety concerns regarding Mother's legal blindness and her ability to parent and care for A.S. There was no other evidence presented regarding Mother's disability as it related to the best interests of A.S.

[12] This Court has previously addressed the role of a parent's disability in the analysis of the best interests of the child. *In re Marriage of Lang*, 668 N.E.2d 285, 288-89 (Ind. Ct. App. 1996). In *Lang*, we approved of the reasoning of a California Supreme Court case, *In re Marriage of Carney*, 598 P.2d 36 (Cal. 1979), which determined that it was impermissible for a trial court to rely on a

parent's physical disability "as prima facie evidence of the person's unfitness as a parent or of probable detriment to the child; rather in all cases the court must view the handicapped person as an individual and the family as a whole." *Id*. at 42. The *Carney* court explained,

> To achieve this, the court should inquire into the person's actual and potential physical capabilities, learn how he or she has adapted to the disability and manages its problems, consider how the other members of the household have adjusted thereto, and take into account the special contributions the person may make to the family despite or even because of the handicap.

*Id*. Weighing these and all other relevant factors, the court must carefully determine whether the parent's disabling condition will in fact have a "substantial and adverse effect on the best interest of the child." *Id.*; *see Clark v. Madden*, 725 N.E.2d 100, 105 (Ind. Ct. App. 2000) (approving of and adopting *Carney's* reasoning).

[13]     It is apparent that rather than make a careful determination of whether Mother's disability will in fact have an adverse effect on the best interests of A.S., the trial court here improperly presumed that it could without any supporting evidence. Because there was no evidence cited to or seemingly relied upon by the trial court that otherwise tipped the scales in favor of Father being awarded sole physical custody, we cannot say that the findings as a whole support the court's ultimate conclusion that an award of sole physical custody

to Father was in A.S.'s best interests.[4]  In other words, Mother has established prima facie error as we are not confident that the trial court would have reached the same conclusion absent the clearly erroneous finding and presumption regarding her disability.[5]  Accordingly, we reverse the court's physical custody order and remand for the court to reconsider the issue in light of our decision. Upon remand, we instruct the court to enter only proper findings supported by the evidence as well as to enter additional specific findings that better articulate its physical custody determination.[6]

## Section 2 – The trial court must reconsider child support and spousal maintenance on remand.

[14] Because a determination of child support is integrally tied to the physical custody issue, an award of child support must be also reconsidered upon remand.  However, based upon its prior minimal findings on this issue, we believe that some guidance would be useful.  It appears that both parties

---

[4] The trial court did note Father's allegation that Mother drinks alcohol often and that her alcohol use was at the root of their one instance of domestic violence, as it caused them to "argue about trifle things."  Appealed Order at 3.  However, there was no evidence presented, and the trial court made no finding, that Mother's alcohol use is currently excessive and/or poses any threat to the safety of A.S.  In other words, it does not appear that the trial court relied on Mother's alcohol use in making its physical custody determination.

[5] Because we conclude that the trial court's finding in this regard is clearly erroneous, we decline to address Mother's assertion that the trial court's custody order runs afoul of the Indiana Civil Rights Law and discriminates against her in violation of the Americans with Disabilities Act.

[6] The trial court stated that it would have been inclined to award joint physical custody had either party requested it.  To be clear, the trial court is not precluded from entering a custody arrangement not specifically advanced by either party so long as that custody arrangement is in the child's best interests.  *Richardson v. Richardson*, 34 N.E.3d 696, 704 (Ind. Ct. App. 2015).  Nevertheless, we acknowledge the trial court's proximity to the issues and recognize that the court had, and may still have upon remand, other valid reasons for deciding that joint physical custody is not in A.S.'s best interests.

requested an award of child support in conjunction with their requests for physical custody. Mother also requested incapacity spousal maintenance. After awarding sole physical custody of A.S. to Father, the trial court simply found that "there will be no child support ordered." Appealed Order at 5. The court further stated, "in lieu of no child support, the court will not order any spousal maintenance as well," reasoning "[e]ssentially these amounts would cancel each other out." *Id*. These sparse findings do not pass muster.

[15] We observe as a general matter that decisions regarding child support rest within the sound discretion of the trial court. *Taylor v. Taylor*, 42 N.E.3d 981, 986 (Ind. Ct. App. 2015), *trans. denied*. Indiana Code Section 31-16-6-1 provides a list of relevant factors a trial court should consider in making a child support determination and our supreme court has promulgated the Indiana Child Support Guidelines and provided worksheets to aid the trial court. Indeed, a calculation made pursuant to the Child Support Guidelines is presumed valid. *In re Marriage of Duckworth*, 989 N.E.2d 352, 354 (Ind. Ct. App. 2013). But this Court "cannot review a support order to determine if it complies with the guidelines unless the order reveals the basis for the amount awarded." *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 728 (Ind. Ct. App. 2009). "Such revelation could be accomplished either by specific findings or by

incorporation of a proper worksheet." *Cobb v. Cobb*, 588 N.E.2d 571, 574 (Ind. Ct. App. 1992).[7]

[16] Simply put, from what the trial court did here, we are wholly unable to determine whether the court complied with the Child Support Guidelines, and therefore reconsideration and clarification of the child support order (or lack thereof) is appropriate. *See, e.g.*, *Dye v. Young*, 655 N.E.2d 549, 551 (Ind. Ct. App. 1995). Accordingly, on remand, in addition to reconsidering child custody, the trial court must reconsider its order regarding child support and enter an order revealing the basis for the amount, even if that amount is zero, awarded to either party. Moreover, because the trial court's denial of Mother's request for spousal maintenance appears to have been based primarily upon its decision to award no child support rather than upon a consideration of Mother's incapacity, the trial court must clarify its decision regarding spousal maintenance in tandem with its reconsideration of child support. We note that, while an award of spousal maintenance is a discretionary decision, a trial court "should normally award incapacity maintenance" if it finds a spouse to be "physically or mentally incapacitated to the extent that the ability of that spouse to support himself or herself is materially affected[.]" *Cannon v. Cannon*, 758 N.E.2d 524, 527 (Ind. 2001).

---

[7] Although Mother submitted a child support worksheet that the trial court clearly used to support its preliminary award of child support to Mother, the trial court did not reference it or incorporate the worksheet into its dissolution decree.

In sum, we find prima facie error and reverse the trial court's dissolution decree as it relates to physical custody, child support, and spousal maintenance, and we remand for reconsideration and clarification of these issues. The trial court's dissolution decree is affirmed in all other respects.

Affirmed in part, reversed in part, and remanded.

Baker, J., and Kirsch, J., concur.