## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2019, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Stephen R. Donham
Thrasher Buschmann & Voelkel, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Earl J. Fizer, Andrew Heater, and Jeffrey Kirby, each in his capacity as Board Member of Jefferson Knolls Homeowners Association, an unincorporated association,<br><br>*Appellants-Plaintiffs*<br><br>v.<br><br>Deana Pierson (f/k/a Deana Hakes) and Timothy Pierson,<br><br>*Appellees-Defendants* | October 29, 2019<br><br>Court of Appeals Case No. 19A-PL-977<br><br>Appeal from the St. Joseph Superior Court<br><br>The Honorable Margot F. Reagan, Judge<br><br>Trial Court Cause No. 71D04-1801-PL-42 |

**Crone, Judge**

# Case Summary

[1] Earl J. Fizer, Andrew Heater, and Jeffrey Kirby, each in his capacity as a board member of the Jefferson Knolls Homeowners Association (collectively "the Neighbors"),[1] filed a complaint for injunctive relief against Deana and Timothy Pierson ("the Piersons") seeking removal of an aboveground pool on the Piersons' property that allegedly violated certain neighborhood restrictive covenants. The Piersons removed the pool from their property long before the matter proceeded to final hearing on the issue of a permanent injunction. Nevertheless, the parties continued to litigate, but eventually settled their injunctive dispute during the final hearing, and the trial court entered an order memorializing their agreement. Both parties reserved the right to seek attorney's fees, which requests were subsequently denied by the trial court. The Neighbors now appeal the denial of their requested fees. We affirm.

# Facts and Procedural History

[2] At all relevant times herein, the Piersons and the Neighbors were homeowners in the Jefferson Knolls subdivision in St. Joseph County. During the summer of 2017, the Piersons installed an aboveground pool on their property. On December 20, 2017, counsel for the Neighbors sent a letter to the Piersons

---

[1] We note that although the notice of appeal lists only Earl J. Fizer as the single appellant, the brief filed by his counsel repeatedly refers to "the Neighbors" as the appellants and, throughout the brief, counsel appears to seek a collective remedy of recovering attorney's fees he incurred representing all three original plaintiffs. Accordingly, we will follow that lead and refer to all three original plaintiffs in the collective, and we will treat them all as parties to this appeal. Moreover, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal. Thus, all three plaintiffs remain listed in the case caption.

informing them that installation of the aboveground pool was in violation of certain neighborhood restrictive covenants and requested that the pool be removed within thirty days. The Piersons did not remove the aboveground pool from the property. Therefore, on January 31, 2018, the Neighbors filed a complaint seeking injunctive relief and attorney's fees against the Piersons. Specifically, the Neighbors sought an order compelling "removal of the Pool and the restoration of [the Pierson's lot] to its condition prior to the Pool's installation[.]" Appellants' App. Vol. 2 at 17.

[3] The Piersons filed their answer and affirmative defenses, including challenges to the validity and enforceability of the restrictive covenants. The Neighbors thereafter filed a motion for a preliminary injunction. Following a hearing held on June 8, 2018, the trial court denied the Neighbors' motion for preliminary injunction. In its findings, the court determined that the Neighbors had failed to show that the Piersons' aboveground pool would cause irreparable harm to the Neighbors if it remained as it is during the pendency of the litigation, and further that the Neighbors had "an adequate remedy at law for breach of contract possibly entitling them to attorney fees and costs, and thus, are not entitled to a preliminary injunction." *Id*. at 192.

[4] On August 28, 2018, the Neighbors filed a praecipe for final hearing on the remaining issues of: (1) their request for a permanent injunction; and (2) their request for an award of attorney's fees and costs. The court set a final hearing for November 19, 2018. During the hearing, it became clear from the evidence that the Piersons had removed the aboveground pool several months prior and

had subsequently moved out of, but not yet sold, their house in Jefferson Knolls.[2]  The trial court then asked the Neighbors' counsel, "Isn't the issue of a … permanent injunction moot now?" Tr. Vol. 3 at 153.  The Neighbors' counsel then stated:

> If he's[3] willing to stipulate, your Honor, that he's not going to reinstall – I mean that's what we want. We want him to stipulate that he will not reinstall the same pool or install another above-ground swimming pool and restore his lot to its [prior condition]. That's all we're looking for on that issue.

*Id*. at 154-55. The Piersons' counsel agreed to the stipulation.  The court then entered an order instructing the parties to submit post-hearing briefs on the sole remaining issue of both parties' requests for their respective attorney's fees.

[5]  On March 4, 2019, the trial court entered an order memoralizing the parties' settlement agreement which provided that the parties had agreed that the Piersons would refrain from reinstalling their aboveground pool, or installing a different aboveground pool, within the Jefferson Knolls subdivision. Appellants' App. Vol. 3 at 31.  Thereafter, the trial court entered a separate order denying both parties' requests for attorney's fees.  Specifically, the trial court determined that the American Rule, which requires that parties pay their

---

[2] According to post-hearing briefing submitted by the Piersons, during a pretrial conference held approximately two months prior to the final hearing, their counsel informed the Neighbors' counsel that the pool had been removed.  Appellants' App. Vol. 3 at 16.  Nevertheless, and inexplicably, the parties continued to litigate this matter.

[3] Because Timothy Pierson testified at trial, counsel referred to him in the singular.

own attorney's fees, *see R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 458 (Ind. 2012), applied here. This appeal ensued.

## Discussion and Decision

[6] We begin by noting that the Piersons have not filed an appellees' brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *M.R. v. B.C.*, 120 N.E.3d 220, 223 (Ind. Ct. App. 2019). Thus, we may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id*. This rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.* In any event, we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id*.

[7] The trial court here entered some findings and conclusions in support of its order denying attorney's fees. It does not appear from the record that either party requested such findings. When, as here, the trial court enters specific findings sua sponte, we apply a two-tiered standard: whether the evidence supports the findings, and whether the findings support the judgment. *Tr. No. 6011, Lake Cty. Trust Co. v. Heil's Haven Condos. Homeowners Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012), *trans. denied*. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences to support them. *Id*. A judgment is clearly erroneous when our

review of the record leaves us with a firm conviction that a mistake has been made. *Id.* As an appellate court, we defer substantially to findings of fact but not to conclusions of law. *Id.*

[8] The Neighbors argue that the trial court clearly erred in denying their request for attorney's fees. "When reviewing an award or denial of attorney fees, we note that the trial court is empowered to exercise its sound discretion, and any successful challenge must demonstrate an abuse thereof." *Delgado v. Boyles*, 922 N.E.2d 1267, 1270 (Ind. Ct. App. 2010), *trans. denied.* "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.*

[9] Indiana has long followed the American Rule, which provides that parties to litigation generally pay their own attorney's fees. *R.L. Turner Corp.*, 963 N.E.2d at 458. However, it is well settled that the parties may certainly agree by contract to do otherwise. *Reuille v. E.E. Brandenburger Constr., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008). Here, the Neighbors assert that they are entitled to recover attorney's fees based upon certain language contained in an alleged contract between the parties, namely the Jefferson Knolls restrictive covenants. As a general matter, where "parties have executed a contractual provision agreeing to pay attorney fees, such agreement is enforceable according to its terms unless the contract is contrary to law or public policy." *Id.* However, in this case, due to the parties' settlement of their permanent injunction dispute, neither the applicability nor the enforceability of the restrictive covenants (which include the provisions regarding attorney's fees upon which the

Neighbors rely) was ever determined on the merits. The parties' settlement, as subsequently memorialized by the court in an agreed order, merely provided that the Piersons agreed to refrain from reinstalling their aboveground pool, or installing a different above-ground pool, on their property.

[10] Contrary to the Neighbors' assertions, by no means did the Piersons concede or agree that the restrictive covenants were valid or enforceable, or that they ever violated them. Nor have the Piersons ever conceded that the Neighbors can recover attorney's fees.[4] Indeed, in post-hearing briefing, the Piersons continued to vehemently deny the applicability and enforceability of the restrictive covenants as to them and their property, and hence the Neighbors' ability to seek fees based thereon. In other words, due to the parties' settlement, there has been no determination on the merits, by agreement, judgment, or otherwise, that the restrictive covenants are applicable or enforceable under the circumstances presented. Accordingly, the restrictive covenants cannot serve as a contractual basis for an award of attorney's fees, and we conclude that the trial court did not abuse its discretion in determining that the American Rule

---

[4] The Neighbors rely on the Piersons' statements at the preliminary injunction stage that because the Neighbors were pursuing a breach of contract/permanent injunction against the Piersons, this "possibly" entitled them to attorney's fees and costs if a breach/permanent injunction was determined on the merits. Appellants' App. Vol. 2 at 185; Tr. Vol. 2 at 119-210. As we have just explained, no such merits determination was ever made.

applies here.[5] Therefore, the Neighbors have not established prima facie error in the trial court's denial of their request for attorney's fees. As our review of the record does not leave us with a firm conviction that a mistake has been made, we affirm the court's order.

Affirmed.

Baker, J., and Kirsch, J., concur.

---

[5] Although only the Neighbors appeal, the Piersons also sought recovery of attorney's fees. The Piersons sought recovery of attorney's fees pursuant to Indiana Code Section 34-52-1-1(b), which provides that a court may award fees if the court finds that either party litigated or continued to litigate in bad faith or on a frivolous, unreasonable, or groundless claim. The Neighbors sought $22,743.71 in attorney's fees, and the Piersons sought $13,105 in attorney's fees. The trial court applied the American Rule and denied both requests.